BEST v. HOPPIE.

1. To charge an indorser of a note as maker, it is necessary to show specifically that he put his name upon the back of the note before delivery to the payee.

2. The plaintiff had judgment against two defendants in an action before a justice of the peace; the case was removed into the district court by *certiorari;* in the latter court, the cause having been tried on the merits, was affirmed as to one, and dismissed as to the other of the defendants. The judgment of dismissal held to be a bar to a subsequent action against the defendant so prevailing.

*Appeal from District Court of Gilpin County.*

ON the 16th day of April, 1872, L. C. Tolles and A. A. Smith made their promissory note for $200, payable to

the order of A. F. Hoppie, ninety days after date. The name of John Best was indorsed on the back of the note. On February 2, 1873, Hoppie sued all of the parties before a justice of the peace, and obtained judgment against Tolles and Best, Smith not having been found. Tolles and Best removed the cause in the district court of Gilpin county on a writ of *certiorari*, where the judgment was affirmed as to Tolles and dismissed as to Best. In September following, Hoppie again commenced suit in the district court against Best as maker, and recovered judgment for $241.60 and costs. Best appealed.

Mr. CLINTON REED, for appellant.

Mr. L. C. ROCKWELL, for appellee.

A. W. STONE, J. Appellee sued appellant on a promissory note. Appellant plead, *first*, a former recovery on the same note by a judgment rendered by a justice of the peace; and *secondly*, a plea of a judgment on *certiorari* in the district court in favor of appellant.

The judgment in the district court was, that the action as to John Best be dismissed.

It is admitted the causes of action are the same. The "*certiorari* act" provides, "that in cases coming before the court on *certiorari*, the court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits, and may affirm or reverse the judgment in whole or in part, or render such judgment as the facts and law will warrant."

The whole proceeding had by the justice was before the district court, and the court determined that the judgment against Tolles be affirmed, and as to Best, dismisses the action.

The only evidence in the case was a note signed by S. C. Tolles and A. A. Smith, with the name of John Best written

on the back of it. To charge Best, it was necessary to show specifically that he put his name on the back of the note before it was delivered to the payee. *Good* v. *Martin*, 1 Col. 165.

The plaintiff failed in this proof. He failed to make out his case. The judgment of dismissal was a judgment on the merits.

The plaintiff had elected to litigate his rights as to both defendants, in the justice's court and in the district court. The judgment as to Best was against him and he is bound by it. The former suit in judgment is a bar to this suit. *Zimmerman* v. *Zimmerman*, 15 Ill. 84; *Elwell* v. *Mc-Queen*, 10 Wend. 520.

The judgment is reversed with costs.

*Reversed.*