## CHARLES *v.* PEOPLE'S INS. CO.

It is not commendable practice for a court to stop the trial of a cause and continue the same on the ground that the plaintiff was intoxicated. And where, in such case, the cause was dismissed at a subsequent term because the plaintiff neglected to pay costs adjudged at the time of such continuance: *Held*, that such dismissal was equivalent to a nonsuit merely, and was no bar to a subsequent action.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. BELDEN & POWERS, for plaintiff in error.

Messrs. BROWNE & PUTNAM, for defendant in error.

THATCHER, C. J. This was an action in *assumpsit* on a policy of insurance brought by Charles against the company. The defendant filed the general issue and six special pleas.

The last special plea, *res judicata*, sets up a judgment recovered against the plaintiff by the defendant in the probate court of Arapahoe county for the same cause of action. The plea avers that at December term of said probate court, on its own motion, the court, while evidence was being heard, continued the cause to the next term on the ground that the plaintiff was too drunk to proceed further with said suit, and ordered "that no further proceedings of any kind soever be had in this cause until all the costs and charges in this behalf accrued are paid by the said plaintiff;" that at the subsequent January term "on motion of said defendant's attorneys, it was ordered by the court that the case be dismissed at the costs of said plaintiff for failure to comply with the order heretofore, and on the 13th ultimo entered herein."

To this plea the plaintiff demurred.

The action of the court in continuing the cause on the ground that the plaintiff was intoxicated, was, to say the least, exceptional and by no means commendable practice. It was competent for the court to have proceeded with the trial, which might have resulted in a verdict and a final judgment which would have been a bar to another action. This course, however, was not pursued. The status of the case, at a subsequent term, was precisely the same as when the order of continuance was entered, as to the issues to be tried and determined. There had been no adjudication upon the merits. Upon the payment of costs in pursuance of the order, the plaintiff was at liberty to proceed with the trial upon the issues joined.

It is insisted that the dismissal of a cause for failure to comply with the order of the court is a *final* determination of the rights of the parties litigant. Passing by the question as to whether the very informal *order* of dismissal is to be treated in any technical sense, according to the rules of the common law, as a *judgment*, lacking as it does many of its essential features in form, if not in substance, and treating it for the purpose of this opinion as a judgment, the question recurs : Is it a bar to a future action ?

It may be asserted as a general rule, that the plaintiff is not concluded by a judgment not rendered *upon the merits*, and for the same cause of action. 2 Smith's L. Cas. 784, and cases there cited.

The face of the judgment pleaded in bar discloses that by reason of the action of the court in the premises, the merits were not, and could not have been, considered by either court or jury. This order of dismissal cannot be given any broader effect than a judgment of nonsuit. It was final only as to the then pending action, but not conclusive as to the rights of parties. Freeman on Judgments, §§ 13, 258, 261.

In the case of *Howes* v. *Austin*, 35 Ill. 396, in which the court, upon failure of the plaintiff to comply with a rule requiring him to reply to a plea, interposed to the first and second counts of the *narr.*, within a prescribed time entered a judgment that plaintiff " take nothing by his said first and second counts of his declaration aforesaid, and that the said defendant go thereof without day," etc., it was held that the only effect of the judgment " was to turn the plaintiff out of court on the cause of action *non prossed*, leaving him at liberty to proceed for its recovery precisely as though the declaration or counts *non prossed* had never been filed."

A judgment of nonsuit or dismissal entered in a cause, even where there was no impediment to a trial on the merits, will not ordinarily operate as an estoppel. Freeman on Judgments, § 261, says : " Judgments of nonsuit, of *nol pros*, of *nolle prosequi*, of dismissal and of discontinuance are *exceptions* to the general rule, that when the pleadings, the court and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters which could have been so tried."

We are satisfied on principle and authority that the court erred in overruling the demurrer to the plea of *res judicata*. The judgment of the court below must be reversed with costs, and the cause remanded for other proceedings not inconsistent with the views here expressed.

*Reversed.*