[No. 3632.]

The Denver & Rio Grande R. R. Co. v. Iles.

| | |
|---|---|
| 25 | 19 |
| 25 | 218 |
| 25 | 19 |
| 27 | 481 |
| 25 | 19 |
| 17a | 528 |
| 25 | 19 |
| 36 | 435 |

1. NONSUIT—RES JUDICATA.
Where, at the close of plaintiff's testimony, the trial court on its own motion or upon motion of defendant enters a judgment of nonsuit, such judgment is not *res judicata* and cannot be pleaded as a bar to a subsequent suit upon the same cause of action, between the same parties.

2. CONTRACT—EVIDENCE—INSTRUCTIONS.
In a suit upon contract the plaintiff must prove the contract and its violation, and a refusal by the trial court to instruct the jury to that effect was error.

3. PRACTICE—CHANGE OF CAUSE OF ACTION.
Where a suit was brought upon contract the trial court could not, on its own motion, or upon request of plaintiff, and over objection of the defendant, change the cause of action to one *ex delicto*. And it was error to instruct the jury upon the theory that the action was based upon tort.

4. SAME—AMENDMENT.
In a suit upon contract an amendment setting up a tort as a cause of action or the admission of evidence thereunder against defendant's objection was improper.

5. MASTER AND SERVANT—MEDICAL ATTENDANCE.
In the absence of a contract, a master is not obliged to furnish medical attendance to a servant who is injured while in the performance of his duty.

*Appeal from the District Court of Arapahoe County.*

THE plaintiff (appellee) was a member of an engineering party employed by the defendant company, and claims to have been injured while in the discharge of his duties. While the nature and extent of these injuries, consisting of a dislocation of plaintiff's shoulder and a partial fracture, or bruise, of the bone of the upper arm, are not in this action material, it may not be inappropriate to remark that they have not seriously or permanently disabled him, and according to the testimony of his own witnesses, his condition at the trial was about as good as that of the average man would be who had received seasonable medical treatment for similar injuries. But for the purposes of this opinion, the injuries, as charged, may be admitted.

The plaintiff brings this action against the company to recover damages, not for the original injury, but for the pain and suffering endured by him in addition to what he naturally would have undergone had it not been for the defendant's acts which are stated in the complaint as follows:

. It is alleged that by the custom of the company, and under the express terms of his employment, plaintiff was entitled, in case of receiving injury, to be sent to the company's hospital at Denver—there to receive treatment,—which hospital, he claims, the defendant company maintained for that purpose, and for whose maintenance there were deducted from his wages and that of each of its employés fifty cents per month. When he received the injury he notified the foreman of the party, and asked to be sent to said hospital, but the foreman refused to permit him to go, and neglected to furnish him with money to go, well knowing that at that time he had no money to procure transportation.

The place where the accident occurred was in the mountains about four miles from a railroad, and one hundred and thirty miles from Denver. The weather was cold, and the roads covered with snow, and it is alleged that for a period of about seventeen days plaintiff was so detained by the foreman and required to do cooking for the engineering party, without having the injuries properly attended to, and with-

out being sent to said hospital, to both of which he was entitled under the express terms of his employment.

We repeat that the recovery is sought, not for the original injury, but only for additional pain and suffering, if any, caused by the defendant's failure or neglect to send the plaintiff, or permit him to go, from the place where the injury happened, to the hospital for treatment. The trial was to a court and jury, and resulted in a verdict in favor of the plaintiff in the sum of $3,833. To reverse the judgment entered upon this verdict the defendant prosecutes this appeal.

The defendant first filed an answer setting up that in a former suit in the district court between the same parties on the same cause of action, the plaintiff at the close of his evidence was, upon motion of the defendant, nonsuited; and this judgment of nonsuit was pleaded in bar of the present action. This answer having been held insufficient by the court, the defendant was required to answer further, which it did, setting up in one defense a general denial, and, as a second defense, negligence of the plaintiff which contributed to the injury. Upon the trial the defendant asked of the court to instruct the jury as follows:

" 2. This is an action of contract, and the burden is upon the plaintiff to prove a contract with the railroad company, and a violation of that contract by the railroad company, from which damage resulted to him.

" 3. The defendant is not liable for the original injury which the plaintiff claims to have sustained, and cannot in any event be liable unless it is shown that it was by the terms of its contract with the plaintiff bound to transport him to Denver and put him in a hospital for treatment, if necessary, and that his injuries were such that it was necessary to transport him to Denver and put him in a hospital for treatment, and further, that its failure so to do resulted in damage to him.

" 6. There was no obligation upon the defendant to furnish medical care or assistance to plaintiff."

All of which the court refused. Of its own motion the court, *inter alia*, gave the following instructions :

"4. If you find from the evidence that the plaintiff received a physical injury while engaged as an employé of the defendant company, and such physical injury was of that character that it required medical or surgical aid or treatment, and that the plaintiff at the time he received such physical injury was at a place remote from a place or places where such medical or surgical aid or treatment was accessible, it was the duty of the defendant company to permit the plaintiff under such circumstances to go and to receive proper medical or surgical aid and treatment. And if under such circumstances the defendant, through its agent or employé, declined a request from the plaintiff to be permitted to seek such medical or surgical aid and treatment, or neglected so far as was within their reasonable power to aid the plaintiff or permit the plaintiff in obtaining or to obtain such medical aid or treatment, then and in that case the defendant would be guilty of negligence.

"5. If you find from the evidence that the plaintiff, on account of the negligence of the defendant, in the light of these instructions, at a time when he had been and was so physically injured endured additional pain and suffering to that which the plaintiff would have endured as a consequence of such physical injury without such neglect, if you believe from the evidence that such neglect occurred or existed, then, and in that case, you should find for the plaintiff, and assess his damages at a sum which, in your judgment, would fairly compensate the plaintiff for such additional pain and suffering."

To the giving of these instructions exceptions were duly taken by the defendant. The errors assigned, and chiefly relied upon, are the overruling by the court of the plea in bar, the refusal of the court to give the instructions as asked by the defendant, and the giving of the instructions by the court of its own motion, as hereinabove set out. Additional facts, so far as material, will be stated in the opinion.

Messrs. Wolcott & Vaile and Mr. Henry F. May, for appellant.

Messrs. Wells, Taylor & Taylor, for appellee.

Chief Justice Campbell delivered the opinion of the court.

We are much impressed with the force of the argument of appellant's counsel that a judgment of dismissal entered by the court upon the motion of the defendant at the close of plaintiff's testimony, upon the ground that a sufficient case has not been made to go to the jury, is as much a judgment on the merits as though the defendant had proceeded to introduce its testimony, and after all the testimony was in the court had directed a verdict, or the jury had found, for the defendant. But the rule as laid down by the text writers, and supported by the cases, is that where a judgment, as of nonsuit, is entered upon motion of the defendant, it is not *res adjudicata* upon the merits, and cannot be pleaded as a bar to another suit on the same cause of action between the same parties.

Counsel for appellant recognize this statement of the rule, but nevertheless maintain that its origin at common law as first announced was where the plaintiff himself took a voluntary nonsuit, while under the code practice, where the plaintiff has produced all the evidence he has to offer and the defendant moves for a nonsuit, the latter case is entirely different from the former.

The hardship to which a defendant may be subjected by being required to defend against successive actions where the plaintiff has been nonsuited, may be conceded; but a trial court may, in a proper case, either *sua sponte* or upon defendant's motion, direct a verdict for the defendant instead of entering a judgment as of nonsuit, and thus relieve against harassing litigation. But under the general rule, in the absence of a statute to the contrary, and particularly under

our code and the previous decisions of this court, we must hold that a judgment as of nonsuit, as pleaded in this case, is not a bar to the present action.

We are cited by appellant to the case of *Best v. Hoppie*, 3 Colo. 137, as holding that a judgment of dismissal where the plaintiff has failed to make out his case, is a judgment upon the merits. In that case such seems to have been the holding, but the judgment of dismissal in question was one rendered by the district court under the *certiorari* act wherein the district court had before it the proceedings of the justice court, in which latter court the entire case seems to have been gone into; and, as provided by the *certiorari* act, it was the duty of the district court to disregard imperfections or defects in the proceedings *not affecting the merits*, and to render such judgment as the facts and law would warrant; and while under that particular act the judgment of dismissal upon plaintiff's failure to establish his case was a judgment upon the merits, it can scarcely be regarded as a decision that, in an action under the code, a judgment as of nonsuit on motion of the defendant, and against plaintiff's objection, is *res adjudicata* of the merits.

The decision in this case was handed down at the February, 1876, term of the court, and at the October, 1877, term, the same court, in the case of *Charles v. People's Insurance Co.*, 3 Colo. 419, held that the dismissal of the action under consideration could not be given any broader effect than a judgment as of nonsuit, and that the latter was not conclusive of the rights of the parties, but was final only as to the pending action, and did not prevent, and could not be pleaded as a bar to, a subsequent action. So, also, to the same effect is *Tripp v. Fiske*, 4 Colo. 24; and while the question was not directly involved, yet the reasoning in the case of *Hallack v. Loft*, 19 Colo. 74, is to the same effect. In a case earlier than either of those above cited (*Westcott v. Bock*, 2 Colo. 335) the same ruling was made. Indeed, sections 166 and 167 of the code of 1887 would seem to settle this question against the appellant. The former section provides

that an action may be dismissed, or a judgment of nonsuit entered, in five specified cases, the fifth of which is that the court, upon motion of the defendant, may enter such a judgment when upon the trial the plaintiff fails to prove a sufficient case for the jury. The latter section is as follows: " In every case, other than those mentioned in the last section, the judgments shall be rendered upon the merits." This would seem to imply that the judgments of dismissal or nonsuit provided for in the preceding section were not judgments upon the merits. The authorities upon this question are collected in the 6 Ency. of Pl. & Pr. at page 875, and particularly at page 986, *et seq.*, and sustain the rule which we have just announced.

As we read the complaint, the cause of action declared upon is the violation by the defendant of a contract. The obligation resting upon the defendant to send plaintiff to its hospital and furnish him medical treatment existed, if at all, as the result of a contract so providing; and so far, at least, as the pleading is concerned, no such obligation is claimed independent of contract. It is nowhere alleged therein that the defendant's duty in this particular arose out of the mere relation of employer and employé, or was incident thereto. From the foregoing it follows that if the plaintiff fails to prove either the contract or its violation, his action fails.

That the plaintiff relied upon a breach of contract is further evident from the fact that a large part of his testimony consisted of an attempt to show the usage of the company and the contract as pleaded. Such being the cause of action, instructions Nos. 2 and 3, asked by the defendant, should have been given. Possibly the court concluded from the evidence that there was not sufficient proof either of the usage of the company or the making of a contract to warrant the giving of such instructions. If so, its direction to the jury should have been to return a verdict for the defendant, as practically asked in instruction No. 6.

The court, however, after refusing these instructions, proceeded of its own motion to instruct the jury upon the theory

that the action was based, not upon the violation of a contract, but upon the negligence of the defendant in failing to discharge a duty existing independent of contract; and, possibly upon the theory that the testimony tended to show negligence, submitted the case to the jury as though that had been pleaded. But even at the plaintiff's request (which in the record does not appear to have been made) it would have been improper for the court against the proper objection of the defendant, which, in effect, was made in this case to change the action from one *ex contractu* to *ex delicto*, and to permit a recovery under the latter. If the action was *ex contractu*, the defendant's liability would attach upon non-performance by the defendant, irrespective of the question of its negligence; whereas, if negligence was the cause of action, proof of the contract pleaded was altogether unnecessary, but proof of negligence was essential.

It is clear from this discussion that the cause of action pleaded being one arising out of contract, was an entirely different action from that under which the court framed its instructions, and an amendment, setting up a tort as a cause of action, or the admission of evidence thereunder against defendant's objection, was improper. *Givens v. Wheeler,* 5 Colo. 598; *Givens v. Wheeler,* 6 Colo. 149; 1 Ency. of Pl. & Pr. p. 547, *et seq.,* especially pp. 556, 557, 566, 567, 569, 571, and authorities there cited.

While not necessary to determine the true rule, we must not be understood as holding that the measure of damages. as contained in instruction No. 5 is the correct one, even if the contract had been established as pleaded; or that any such rule prevails, were negligence pleaded as the cause of action. If, however, it be contended—which we think could not successfully be done—that defendant acquiesced in the substitution of a new cause of action, or waived a variance in the proof, still the judgment cannot stand, as we now proceed to show. The general rule is that, in the absence of contract, a master is not obliged to furnish medical attendance to a servant who is injured in the performance of his

duty.    Wood on Master and Servant (2d ed.), § 99, and
cases cited.    There are authorities such as *Cairo & St. Louis
R. R. Co. v. Murray*, 82 Ill. 76 and *The Terre Haute & I. R.
R. Co. v. McMurray*, 95 Ind. 358, holding that where there
is an extreme emergency, and an injury has been received by
an employé of a corporation, it is within the authority of an
agent of the employer, highest in authority at the time and
place where the injury occurred, to bind the company *by a
contract* to pay a physician for services rendered to the injured
servant; but we are cited to no case, and we find none, where
it is held to be the duty of an employer, in the absence of
contract, to furnish medical service and to send to a hospi-
tal a servant injured while in the service.

But if this were a case where the cause of action declared
upon was negligence, and if such a duty arose out of the
mere relation of master and servant (which we have already
seen is not the case), still the court wrongly instructed the
jury.    If, by analogy to the cases just referred to, it can be
said that such a duty ever exists independent of contract—
which we have just said is not the law—it is only in a case
of great emergency, and where it is imperative to save life
or prevent great harm.    The mere fact that an injury was
inflicted requiring medical or surgical treatment, or that the
locality where it was received was remote from the place
where such treatment was accessible, does not make it neg-
ligence on the part of the defendant if the latter declines a
request from the injured servant to be permitted to seek
treatment, or does not obtain for plaintiff, or aid him in ob-
taining the same.

But the court in its charge virtually instructed the jury
that the mere fact, as stated, was negligence, in which we
cannot concur.    Furthermore, in instruction No. 8 tendered
by the defendant the court was asked in substance to instruct
the jury that the plaintiff could not, even though the defend-
ant was guilty of negligence, lie by and neglect to obtain
transportation for himself, and the required care and atten-
tion; but that it was his duty, if he could, to obtain both

this transportation and care for himself, and if he failed in this, he was guilty of contributory negligence, and could not recover. That there was evidence tending to show that plaintiff might have got for himself what he claims it was defendant's duty to furnish, clearly appears, and so upon the court's mistaken theory that negligence was the cause of action, to have been consistent therewith this instruction should have been given.

For the errors pointed out the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed.*