### No. 9488.

#### CLARK ET AL. v. TINDOLPH.

1. ADMINISTRATOR—*Foreign.* Officers of a local corporation will not be compelled to allow an inspection of the corporation books by an administrator in another state, upon the estate of the owner of stock in such corporation, without having complied with the provisions of Rev. Stat. sec. 7152.

2. MANDAMUS—*Petition.* A petition for mandamus to compel the allowance of an inspection of the books of a corporation must show that the respondent is an officer of the corporation, or entrusted with the custody of its books.

3. *Judgment on the Pleadings,* is not allowed in mandamus.

*Error to Boulder District Court, Hon. Neil F. Graham, Judge.*

*Department One.*

Messrs. TEDROW & FITZGERALD, for plaintiffs in error.

Mr. O. A. JOHNSON, for defendant in error.

Opinion by Mr. Justice Teller:

UPON the petition of the defendant in error an alternative writ of mandamus was issued by the District Court of Boulder County commanding plaintiffs in error to permit the petitioner to inspect the books of The Boulder Tungsten Production Company,

A general demurrer to the writ was overruled, and an answer filed. By it the respondents denied all the allegations of the writ except those which were expressly admitted. The answer then set out that the plaintiff had been granted letters of administration in the State of Illinois, and not elsewhere, on the estate of one Williams, a stockholder in said company at the time of his death; that no copy of said letters had been filed in this state, etc; and that the purpose of the demanded examination of the books of said company was to harrass and annoy said Clark, and compel him to meet certain money demands made on him by the plaintiff, without right or justification.

Plaintiff's motion for judgment on the pleadings was sustained, and a peremptory writ issued commanding the respondents to permit an examination of said books, etc.

Error is assigned on the overruling of the demurrer, and on the entering of judgment on the pleadings.

It is pointed out, as to the first error assigned, that the writ contains no allegations from which it might be found as a fact that plaintiff was the administratrix of the estate named; and, further, that if it be conceded that she had been appointed such administratrix in Illinois, she alleged no acts of compliance with section 7152 Revised Statutes, 1908, by which a right to sue in this state might be acquired by her.

It is also urged that it does not allege that either of the respondents is an officer of said corporation, or intrusted with the custody of its books.

An examination of the writ shows that these objections are well-founded, and that the writ, treated as a complaint, does not state a cause of action.

The second objection to the judgment is good, also.

It is well settled that under section 310 Mills' Annotated Code, a judgment on the pleadings is not allowed in an action of mandamus.

*Parr v. Sexson*, 56 Colo. 491, 138 Pac. 768; *Yellow Jacket Co. v. Wessels*, 58 Colo. 246, 144 Pac. 869.

The judgment is accordingly reversed, and the cause re-

manded for further proceedings in accordance with the views above expressed

Reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.