No. 10,602.

### CROWE v. HAMILTON NATIONAL BANK, ET AL.

Decided January 7, 1924.

On application for leave to file a petition in intervention. Application denied.

*Reversed.*

1. INTERVENTION—*Res Judicata.* The denial of an application for leave to file a petition in intervention does not bar a second application, where the second petition contains new material matter.

2. RES JUDICATA—*Application.* A party is not concluded by a judgment not rendered upon the merits, and for the same cause of action.

3. CORPORATIONS—*Suit by Stockholder—Demand.* A stockholder may sue in behalf of the corporation when a suit seems necessary to protect its property· and the corporation officers refuse to act. Where the facts show that a demand on the officers to bring the action would be unavailing, such demand is not a prerequisite to the suit.

4.   *Intervention.* A petition in intervention by stockholders of a corporation held to state facts clearly entitling them to have the charges passed upon by the court.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. GRANBY HILLYER, Mr. C. E. SYDNER, Mr. H. L. LUBERS, for plaintiff in error.

Mr. F. W. SANBORN, Mr. HERBERT S. MUNROE, Mr. JOHN S. MACBETH, Mr. WM. W. GRANT, for defendants in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error made application to the district court for leave to file a petition in intervention in a suit in which the defendant in error, The Hamilton National Bank, as trustee, sought to foreclose a deed of trust given by the defendant in error The Industrial Sugar Company.

The bonds secured by the deed of trust were held by Grant and Roberts, trustees, under a collateral trust agreement. Roberts was appointed receiver in the foreclosure suit. April 6, 1922, the Industrial Sugar Company, after the appointment of the receiver, entered into a contract with one Thomas, by which the latter succeeded to all the property rights of said company, except some $600,000 in promissory notes given to it on the purchase of its capital stock. This contract was submitted to the court in which the suit was pending, and was duly approved; the receiver also appeared at the hearing. Four days later he filed his report, and his resignation, theretofore presented, was accepted. Three days before his resignation he became one of the organizers and incorporators of defendant in error, the Independent Sugar Corporation, to which Thomas immediately transferred his contract with the Industrial Sugar Company.

In September following, plaintiff in error, representing a considerable number of stockholders in the Industrial Company, applied to the district court for leave to intervene in the foreclosure suit. Oral objections by the Industrial Company and the receiver were sustained. The objections were sustained upon all the grounds presented. The grounds were, substantially, that the petition stated no right to intervene.

On November 22nd, the petitioner filed another petition, containing various matters additional to those contained in the first one. The Industrial Company and the receiver filed written objections to the granting of the application.

The application was denied, and the petitioner has brought the case here for review.

This petition alleges, among other things, that a majority of the board of directors of the Industrial Sugar Company and ·said receiver, Roberts, united to obtain for themselves an advantage, over the other stockholders of the company, by having the property transferred to the Independent Sugar Corporation through Thomas, which corporation was organized for them and by a portion of them, and that in carrying out their plan they fraudulently represented to the other directors that the property could not be sold except to the last named corporation.

It is further charged that neither the company nor the receiver would consider any other offer for the property, though there were parties, it is alleged on information and belief, who were considering the purchase of the property at a price largely in excess of that named in the Thomas contract, and much more than enough to pay the company's debts; that the property was, in fact, worth several hundred thousand dollars more than the price named in said contract; and that, as a matter of fact, the property under the contract in question was not sold, but turned over to the so-called purchasing corporation without any obligation to buy. A copy of the contract is set out in the petition, from which it appears that the Independent Sugar Corporation, called in the briefs "the purchasing company," took over the property under an agreement to pay for it by applying to the purchase price ninety per cent of the net profits of operating the sugar factory, after reserving the sum of $48,000 "for interest and emergencies"; that the purchasing company might, on any first day of January, withdraw from the contract; that it paid no interest on the purchase price until the expiration of five years after the purchase; that the Industrial Sugar Company, which held some $600,000 in notes given by subscribers to the capital stock of that company, was to turn over to the purchasing company all collections made on said notes, and the latter

company had the right to the use of such money without interest.

It is urged in support of the court's action on the second application to intervene, that the order denying the first application is *res adjudicata,* and bars the second application, although as we have stated, the second petition contains considerable new material matter. We see no merit in that proposition. The matters charged in the petition were not heard, and certainly petitioner's cause was not determined on its merits. It appears that the first petition was adjudged not to state grounds for relief. There was, and could have been, no judicial action which can be said to have determined that petitioner had no ground of action.

In *Charles v. People's Ins. Co.,* 3 Colo. 419, this court said that a "plaintiff is not concluded by a judgment not rendered *upon the merits,* and for the same cause of action." The same rule has been announced in several cases where it has been held that a nonsuit or dismissal is no bar to another action for the same cause. *Hallack v. Loft,* 19 Colo. 74, 34 Pac. 568; *D. & R. G. Co. v. Iles,* 25 Colo. 19, 53 Pac. 222; and *Vigil v. Garcia,* 36 Colo. 430, 87 Pac. 543.

Defendants in error further contend that plaintiff by the petition shows no right of action in behalf of the corporation, and assert that the receiver alone was authorized to bring the suit. The petition alleges that a majority of the directors favored the contract which the petitioner seeks to have cancelled, and were interested in it. It also sets up the action of the receiver in joining with the other parties in objecting to the intervention.

That a stockholder may sue in behalf of a corporation when a suit seems necessary to protect its property, and the corporation officers refuse to sue, has not been open to question since, at least, as early as the case of *Dodge v. Woolsey,* 18 Howard, 331, 15 L. Ed. 401. The requirements of such a suit are set out in *Hawes v. Oakland,* 104 U. S. 450, 26 L. Ed. 827, and in *Miller v. Murray,* 17 Colo. 408, 30 Pac. 46. The cases hold that where the facts show that a

demand would be unavailing, such demand is not a prerequisite to the suit.

If, as counsel contend, the demand upon the receiver was not sufficient, that defect is cured by the fact that the record shows that the receiver was active in objecting to the intervention.

While the petition contains many allegations merely on information and belief, it clearly sets up facts which entitle the large number of stockholders represented by the petitioner to have the charges passed upon by the court. The application does not call for a determination that the directors were in fact guilty of fraud, or that the contract is not fair to the corporation and the stockholders. Those questions are to be determined only when the petition is heard on the merits.

The court erred in denying the application to intervene and the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE CAMPBELL not participating.