## No. 10,906.

### FUNK, ADMINISTRATOR, *v.* FUNK.

Decided October 6, 1924.

Action for contribution.    Judgment of dismissal.

## *Reversed.*

1. EXECUTORS AND ADMINISTRATORS—*Foreign*—*Capacity to Sue.*  The objection that a foreign administrator plaintiff, has not filed a copy of his letters and bond under sections 5277 and 5278, C. L. '21, goes to his capacity to sue.

2. ʿPLEADING—*Capacity to Sue*—*Waiver.*  The objection that plaintiff has no legal capacity to sue, if the defect appears on the face of the complaint, should be taken by demurrer or answer, and not being so raised, the objection is waived.

3. JURISDICTION—*Capacity to Sue.*  That the plaintiff has no legal ʲcapacity to sue, does not go to the jurisdiction of the court, and does not affect the cause of action.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Mr. JAMES H. ROTHROCK, Mr. H. J. McCOY, for plaintiff in error.

Messrs. ORR & LITTLE, Mr. HENRY T. McGARRY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, was defeated in a suit to recover of defendant contribution as cosurety on a promissory note.   He brings the case here on error.

Plaintiff was appointed administrator of the estate of Nathaniel Funk by a Missouri probate court.   He was compelled by the judgment of that court to pay a note on

which the deceased and, as he claims, the defendant were sureties, and brought the suit now under question. He did not file a copy of his letters nor give bond as required by the Colorado statutes, C. L. §§ 5277, 5278.

The substance of the allegations of the amended complaint which are pertinent to the questions now raised is: That the plaintiff is the duly appointed, qualified and acting administrator of the estate, that defendant resides in El Paso county, Colorado; that the note was given, with his intestate and defendant as sureties, etc., and that a part remained unpaid; that the balance was allowed against the estate by the Missouri court and plaintiff had to pay it. There was no allegation with respect to compliance with the Colorado statutes.

The defendant answered denying the execution of the note and prefaced the answer with a demurrer: (1) For want of facts; (2) that the statute of limitations had run; and (3) that the amended complaint stated a new cause of action. Neither demurrer nor answer said anything with respect to compliance with the Colorado statutes nor of plaintiff's capacity to sue, but when the facts concerning these points appeared in evidence the court sustained the demurrer, and, after plaintiff declined to amend, dismissed the case.

The substance of the sections of our statute above cited is that upon filing his letters a foreign administrator may prosecute or defend an action but the court shall not grant him authority to do so until he has filed the letters and a bond. The question, therefore, was of plaintiff's "legal capacity to sue," a ground not specified in the demurrer. This objection, if it appeared on the face of the complaint, should have been taken by demurrer, if not, then by answer, and since the objection was not taken by demurrer or answer, it was waived. Code 1921, §§ 56, 57, 60, 61. The objection does not go to jurisdiction. The court had power to try and determine the case and had jurisdiction of the persons by appearance and service and plaintiff surely had stated a cause of action for contribution; the only thing

lacking was plaintiff's capacity to sue. To say that the capacity is a fact necessary to a cause of action is to abolish the distinction, recognized by the code, between that quality and facts constituting the cause of action. § 56.

The amended complaint, we think, stated the same cause of action as the complaint. So far as present questions are concerned there is no substantial difference between them except the amount demanded. It follows that the demurrer was improperly sustained.

A motion to dismiss was made after the plaintiff's evidence, of which one of the grounds was plaintiff's want of capacity to sue, but the point had then already been waived.

We do not think the case of *Clark v. Tindolph,* 67 Colo. 67, 185 Pac. 648, reaches the point, because in that case, unlike the present, the answer or return set up the absence of letters and bond so there was no waiver. The statement in the opinion that no cause of action was stated refers to the failure of the alternative writ to allege that the respondents were officers of the corporation or in control of its books, the action being mandamus to get permission to inspect them, and not to the absence of an allegation of compliance with the statute.

The plaintiff declined to amend by filing and alleging the filing of letters and bond, but, if we are right in our conclusion that the objection had been waived, he did not need to amend.

We wish to thank counsel on both sides for the clearness, force and brevity of their briefs.

Judgment reversed and new trial granted.

MR. JUSTICE ALLEN sitting for MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.