No. 13,392.

DENVER CREDIT BUREAU, INC. *v.* DULL ET AL.

(28 P. [2d] 806)

Decided December 18, 1933.

Mr. James R. Hoffman, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Replevin action in aid of foreclosure of a chattel mortgage. Judgment for defendants, and plaintiff assigns error.

It appears that May 28, 1932, defendants executed their note in the sum of $195, with interest, to the order of Public Industrial Bank, payable in monthly installments, and secured it by a chattel mortgage on various items, including an automobile; that on allegation of default the payee sought to foreclose in manner as here, but suffered nonsuit because demand for possession had not preceded the action; that subsequent to the judgment of nonsuit, default still obtaining, the original holder, for value, assigned the note to plaintiff, which seeks reversal of an adverse judgment in its foreclosure action.

At the close of plaintiff's case, motion of defendants for judgment, reasons not formally stated, was sustained. We gather from the record generally, however, that the basis of the court's judgment was, that the former adjudication barred this action, or that defendants had discharged their obligation. We think that on neither ground may the determination be approved.

It is clear that at the original trial, judgment of nonsuit, which was moved by defendants, was not on the merits of the case, but on the sole premise that demand for possession had not been shown. In such situation, the judgment sought to be interposed in bar of the present

action is not res judicata, and should have been disregarded. *Crowe v. Hamilton Nat. Bank,* 74 Colo. 407, 222 Pac. 394; *Denver and Rio Grande R. R. Co. v. Iles,* 25 Colo. 19, 53 Pac. 222; *Hallack v. Loft,* 19 Colo. 74, 34 Pac. 568; *Norton's Estate v. McAlister,* 22 Colo. App. 293, 123 Pac. 963; 9 R. C. L., p. 209, §30.

On the claim of payment, it appears that shortly after the note was given, and before default, the makers delivered the automobile mentioned in the chattel mortgage to one of the officers of the payee, which, defendants say, he was to sell for their account, for not less than $175, to be credited on their obligation; that some days later the company officer reported to defendants he had sold the car for $70, and as of June 12, 1932, this amount is credited on the reverse of the note; that July 20, 1932, defendants paid $15 in cash, likewise credited. Viewing the record most favorably to defendants, their credits, $15 cash, and the sum they claim was to be the minimum of the sale price of the automobile, $175, to be applied, total only $190, or $5 less than the principal sum of their note. In this state of the record plaintiff was entitled to maintain its action and have judgment in some amount. The court made no finding which would guide us in ordering judgment in any particular sum, nor does the record present facts which would enable us to make intelligent finding. It is necessary, therefore, that the case be remanded for new trial. On such retrial, however, the court need be concerned only as to the terms of the alleged agreement when the automobile was turned over to the payee's officer for sale, and the credit to be allowed on account thereof. Let the order be that the judgment is reversed.

Mr. Chief Justice Adams and Mr. Justice Campbell concur.