**SUMMERHOUSE CONDOMINIUM ASSOCIATION, INC., for itself and on behalf of its members, Plaintiff-Appellant,**

v.

**MAJESTIC SAVINGS & LOAN ASSOCIATION and Maj Co., Defendants-Appellees.**

No. 79CA1179.

Colorado Court of Appeals,
Div. I.

July 17, 1980.

Hannon, Stutz, Brightwell & Dyer, Robert J. Dyer, III, Denver, for plaintiff-appellant.

Holland & Hart, William C. McClearn, Jack L. Smith, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiff, Summerhouse Condominium Association (Association), appeals the judgment of the trial court granting defendants' motion to dismiss the amended complaint. We affirm.

In its amended complaint, the Association, "for itself and on behalf of its members," sought relief for breach of contract, breach of warranty, and breach of fiduciary duty arising out of the development and sale of the Summerhouse Condominium project (Condominium). All members of the Association are Condominium unit owners.

In response, defendants filed a motion to dismiss for failure to state a claim and for failure to join indispensable parties. In essence, defendants contend that the association lacks standing to assert the claims. We agree.

## I. BREACH OF CONTRACT

The Association alleges that defendants, as developers and sellers of some of the Condominium units, made representations to "many of the association members" concerning numerous aspects of the construction of the Condominium, that these representations became part of the purchase agreements, and that the representations were not fulfilled; it concludes, therefore, that defendants breached the terms of the purchase agreement.

In *Ireland v. Wynkoop*, 36 Colo.App. 205, 539 P.2d 1349 (1975), this court characterized a claim for breach of the purchase agreement as an individual unit owner's claim, not the condominium association's claim. Therefore, the Association is not a proper party to assert the breach of contract claim on its own behalf.

Plaintiff further asserts that it is a third-party beneficiary of the contracts entered into between the defendants and the individual unit owners. However, since the Association has not alleged any direct benefit conferred upon it by the purchase agreements, this contention is without merit. *See Borwick v. Bober*, 34 Colo.App. 423, 529 P.2d 1351 (1974).

## II. BREACH OF WARRANTY

The second claim for relief alleges that defendants have breached the implied warranty of habitability. This type of warranty, however, runs only from the builder-vendor to the purchaser of the home. *See Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964); *Glisan v. Smolenske*, 153 Colo. 274, 387 P.2d 260 (1963). Therefore, here, the Association is the improper party to assert this claim.

## III. BREACH OF FIDUCIARY DUTY

The third claim for relief alleges that as a result of defendants' involvement in the project "certain fiduciary duties arose on the part of defendants relative to their dealings with plaintiff's members." Notwithstanding that the Association has failed to allege any dealings between itself and defendants, the Association sought relief on its own behalf. Since no relationship existed whereby defendants owed a fiduciary duty to the Association, *see United Fire & Casualty Co. v. Nissan Motor Corp.*, 164 Colo. 42, 433 P.2d 769 (1967), the court properly dismissed this claim. *See Nelson v. Nelson*, 31 Colo.App. 63, 497 P.2d 1284 (1972).

**74**

## IV. CLAIMS ON BEHALF OF THE MEMBERS

■ The Association asserts each claim "on behalf of its members," the real parties in interest. The Association relies upon provisions of the condominium declaration and of the by-laws as authority to assert these claims for its members. We conclude that these documents do not authorize the Association to so act for its members.

The relevant provisions authorize the Association to "maintain, repair, and reconstruct" the improvements upon damage, destruction or obsolescence. The declaration provides that:

> "repair and reconstruction . . . means restoring the improvement(s) to substantially the same condition in which they existed *prior to the damage*." (emphasis added)

Also, the Association is appointed the attorney-in-fact to deal with these problems and it is empowered to execute contracts or other instruments. The by-laws provisions state that the Association has the power to "protect and defend . . . in the name of the Association any part or all of the condominium from loss and damage by suit or otherwise."

We do not construe these provisions as empowering the Association, on behalf of the members, to seek damages for breach of the purchase agreement which breach would include original faulty construction, breach of implied warranty, and breach of fiduciary duty. Although the Association is authorized to bring suit to "protect" the condominium from loss or damage, this language implies that damage subject to such protection is only that sustained subsequent to the original construction. This interpretation is consistent with the definition of "repair" found in the declaration. Thus, the Association's contention that the declaration and by-laws provide authorization for bringing this action is without merit.

■ Similarly, the Association's contention that defendants are challenging the Association's "capacity" to bring this suit is without merit. *See* C.R.C.P. 9(a) and 17(a).

"Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right of interest or is the real party in interest. Generally, capacity is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate and typically is determined without regard to the particular claim or defense being asserted."

6 C. Wright & A. Miller, Federal Practice & Procedure § 1559 (1971). Here, defendants are challenging the Association's standing to assert the particular claims on the basis that plaintiff does not have an enforceable interest; they are not asserting that the Association lacks the capacity to "come into court."

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.