**SUMMERHOUSE CONDOMINIUM ASSOCIATION, INC., for itself as assignee and on behalf of all others similarly situated, Plaintiff-Appellant,**

v.

**MAJESTIC SAVINGS AND LOAN ASSOCIATION and Maj Co., Defendants-Appellees.**

**No. 82CA0264.**

Colorado Court of Appeals, Div. III.

Nov. 12, 1982.

Rehearing Denied Dec. 16, 1982.

Hannon, Stutz, Dyer & Miller, Jeremiah B. Barry, Robert J. Dyer, Denver, for plaintiff-appellant.

Holland & Hart, P.C., Scott S. Barker, Jack L. Smith, Denver, for defendants-appellees.

SMITH, Judge.

Plaintiff, Summerhouse Condominium Association, (the Association) seeks to reverse the trial court judgment dismissing its action against the defendants, Majestic Savings and Loan Association and MAJ Company (MAJ). The trial court determined that plaintiff's action was barred by the doctrine of *res judicata*. We reverse and remand with instructions to reinstate the cause.

In *Summerhouse Condominium Ass'n v. Majestic Savings & Loan Ass'n,* 44 Colo. App. 495, 615 P.2d 71 (1980), this court upheld a trial court order dismissing an action involving the same parties. That action had been brought by the Association "for itself and on behalf of all of its members," asserting claims for breach of contract, breach of warranty, and breach of fiduciary duty.

The order of dismissal was upheld on appeal based upon our conclusion that the Association had no standing to bring the action based on the claims alleged in the complaint.

Subsequent to our holding in the previous case, the Association obtained assignments of several of its members' claims and brought the current action "for itself as assignee and on behalf of all others similarly situated." The complaint now before us asserts claims identical to the three involved in the earlier action and includes a fourth claim for fraud. Again, MAJ filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court considered memoranda of the parties and then granted the motion to dismiss.

In its order the trial court held that, as a result of the dismissal of the earlier action, the doctrine of *res judicata* barred the plaintiffs from bringing the current action. Specifically, the trial court found that both law suits involved the same parties, or privies of those parties; claims in both suits were the same; that a decision had been rendered on the merits; and that the Association had had an opportunity to litigate the issue.

### I.

The Association argues that the trial court erred in finding that the doctrine of *res judicata* barred the present action. We agree.

*Res judicata* is applicable only when there exists identity of subject matter, cause of action, parties to the action,

and capacity in the person for which or against whom the claim is made. *Weibert v. Rothe Brothers, Inc.,* 200 Colo. 318, 618 P.2d 1367 (1980); *Pomponio v. Larsen,* 80 Colo. 318, 251 P. 534 (1926). Further, the decision in the prior case must have been rendered on the merits. *Crowe v. Hamilton National Bank,* 74 Colo. 407, 222 P. 394 (1924). We conclude that the earlier dismissal of the case between the Association and MAJ, which we upheld, was not a decision rendered on the merits, and, thus, that the present action is not barred by *res judicata.*

The previous dismissal was based upon a motion which sought dismissal for failure to join a party, as well as for failure to state a claim upon which relief could be granted. In granting that motion, the trial court did not state upon which theory it relied. We are aware that C.R.C.P. 41(b) provides in pertinent part that:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication on the merits."

However, it has long been the established rule that jurisdictional or procedural grounds for dismissal will be considered prior to examination of the substantive merits of a case.

"Where one of the grounds of demurrer was a misjoinder of parties, and the other involved the merits, or the right of the plaintiff to recover on his cause of action, it will be presumed that the court sustained it upon the former ground alone. For it is natural to suppose that if the court saw an objection to the action sufficient to necessitate its dismissal, it would not after that proceed to an investigation of the merits."

*Black on Judgments* § 710 (2d ed. 1902). *See Griffin v. Seymour,* 15 Iowa 30, 83 A.M.Dec. 396 (1863).

In *Summerhouse Condominium Ass'n v. Majestic Savings & Loan, supra,* we upheld the dismissal based upon the absence of proper parties to bring the suit. Accordingly, since we conclude that the earlier dismissal was based upon the absence of proper parties, under C.R.C.P. 41(b), there has been no decision on the merits.

Having determined that the prior dismissal was not on the merits, and that therefore, *res judicata* does not bar the present action, we need not consider the Association's other arguments urging reversal.

Accordingly, the judgment of dismissal is reversed and the cause is remanded with directions to reinstate the action and for further proceedings.

ENOCH, C.J., and STERNBERG, J., concur.