**ASHTON PROPERTIES, LTD., a California general partnership, and Daniel D. Miller, surviving general partner of Ashton Properties, Ltd., Plaintiffs–Appellants,**

v.

**A.L. OVERTON; Overton Babiarz & Sykes, P.C., a Colorado professional corporation; and Realamerica Ventures, LLC, a Colorado corporation, Defendants–Appellees.**

Nos. 03CA0292, 03CA0812.

Colorado Court of Appeals, Div II.

Aug. 26, 2004.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Law Office of David C. Feola, P.C., David C. Feola, Evergreen, Colorado, for Plaintiffs–Appellants.

Sherwin V. Wittman, II, Colorado Springs, Colorado, for Defendants–Appellees A.L. Overton and Overton Babiarz & Sykes, P.C.

Randolf S. Dement, Greenwood Village, Colorado, for Defendant–Appellee Realamerica Ventures, LLC.

Opinion by Judge PICCONE.

Plaintiffs, Daniel D. Miller and Ashton Properties, Ltd., appeal the judgment dismissing their complaint against defendants, A.L. Overton (Overton), Overton, Babiarz & Skyes, P.C. (OBS), and Realamerica Ventures, LLC, for lack of subject matter jurisdiction and for failure to state a claim. Plaintiffs also appeal the award of attorney fees to defendants. We reverse and remand.

Ashton Properties purchased a judgment from a bank. Miller is a partner in Ashton Properties. In 1993, Overton entered into a business arrangement with Ashton Properties and two of Overton's clients. Overton's clients, who owed money on the judgment, agreed to make payments to Ashton Properties. After the clients made a certain number of payments to Ashton Properties, the parties agreed Overton would buy the judgment from Ashton Properties and collect payments from his clients. Plaintiffs alleged that Overton individually, and through OBS and Realamerica, his real estate company, engaged in a number of actions which negatively affected Ashton Properties' collateral.

Ashton Properties brought this action for breach of contract and breach of fiduciary duty as to Overton and OBS and for interference with contract, interference with prospective business advantage, and aiding and abetting breach of fiduciary duty as to all defendants.

Realamerica filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1) and (5). Overton and OBS filed a motion to dismiss pursuant to C.R.C.P. 9 and 12(b)(1). Defendants argued that Ashton Properties does not, and did not, exist as a legal entity, that only legal entities have capacity to sue, that no valid legal action has been brought, and therefore, that the court lacks subject matter jurisdiction because a nonexistent legal entity cannot state a claim for relief.

The court considered matters outside the pleadings and dismissed plaintiffs' action under C.R.C.P. 12(b)(1), concluding that it lacked subject matter jurisdiction because Ashton Properties "did not exist as a legal entity as of the initiation and prosecution of the pending action, and/or as of the alleged ... operative breaches ... and only legal entities have the capacity to sue." The trial court also concluded "[t]he action fails to state a claim under C.R.C.P. 12(b)(5) upon which relief can be granted because a nonexistent legal entity cannot state and/or recover upon a claim." The court made no findings as to the capacity of Miller and did not address Overton's and OBS's motion to dismiss pursuant to C.R.C.P. 9.

## I. Dismissal

Plaintiffs contend the trial court erred in concluding they lacked capacity to sue and in dismissing their complaint for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) and for failure to state a claim under C.R.C.P. 12(b)(5). We agree.

### A. Capacity

▉ Capacity is a procedural issue concerning the personal qualifications of a party to litigate a case. *See Summerhouse Condo. Ass'n v. Majestic Sav. & Loan Ass'n*, 44 Colo.App. 495, 615 P.2d 71 (1980). Whether a party has capacity to sue is "determined without regard to the particular claim or defense being asserted," but instead with regard to the characteristics of the party. *Summerhouse Condo. Ass'n, supra*, 44 Colo. App. at 498, 615 P.2d at 74 (quoting 6 C. Wright & A. Miller & M. Kane, *Federal Practice and Procedure* § 1559 (1971)).

A challenge to a party's capacity is governed by C.R.C.P. 9(a)(1), which states in relevant part:

> When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge, and on such issue the party relying on such capacity, authority, or legal existence, shall establish same on the trial.

Capacity is addressed in C.R.C.P. 17(b), which states in relevant part: "A partnership or other unincorporated association may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right."

### B. Subject Matter Jurisdiction— C.R.C.P. 12(b)(1)

▉ We agree with plaintiffs that the trial court erred in concluding it lacked subject matter jurisdiction because Ashton Properties was not a legal entity and did not have the capacity to sue.

■ Subject matter jurisdiction is defined as a court's power to resolve a dispute in which it renders judgment. *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47 (Colo.2002); *Horton v. Suthers,* 43 P.3d 611 (Colo.2002). A court has subject matter jurisdiction if "the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority." *Horton, supra,* 43 P.3d at 615 (quoting *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 513 (Colo.1986)). "Whether a court possesses such jurisdiction is generally only dependent on the nature of the claim and the relief sought." *Trans Shuttle, Inc., supra,* 58 P.3d at 50. "[I]t is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction." *Trans Shuttle, Inc., supra,* 58 P.3d at 50 (quoting *City of Boulder v. Pub. Serv. Co.,* 996 P.2d 198, 203 (Colo.App.1999)).

■ The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases. *See* Colo. Const. art. VI, § 9. "As courts of general jurisdiction, the district courts in Colorado have the authority to consider questions of law and of equity and to award legal and equitable remedies." *Paine, Webber, supra,* 718 P.2d at 513.

■ We review de novo a trial court's legal conclusions on a motion to dismiss for lack of subject matter jurisdiction. *Walton v. State,* 968 P.2d 636 (Colo.1998); *Bazemore v. Colo. State Lottery Div.,* 64 P.3d 876 (Colo.App.2002).

■ Subject matter jurisdiction and capacity are different legal doctrines. "In contrast to subject matter jurisdiction, which concerns the court's ability to consider a question ... capacity to sue concerns a party's right to maintain any action." *Cochrane v. Tudor Oaks Condo. Project,* 529 N.W.2d 429, 433 (Minn.Ct.App.1995). The two doctrines are independent of each other, and a party's capacity to sue or lack thereof does not affect the jurisdiction of the court. *See Funk v. Funk,* 76 Colo. 45, 230 P. 611 (1924). Capacity to sue is not jurisdictional, and unlike subject matter jurisdiction, an objection to it may be waived if not timely asserted.

*See Thomason v. McAlister,* 748 P.2d 798, 799 (Colo.App.1987); 4 James William Moore, *Moore's Federal Practice* § 17.20[4] (3d ed.2003).

In support of their argument that the court lacked subject matter jurisdiction, defendants relied on *Ivanhoe Grand Lodge v. Most Worshipful Grand Lodge,* 126 Colo. 515, 251 P.2d 1085 (1952); *Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973); and *Alpine Associates, Inc. v. KP & R, Inc.,* 802 P.2d 1119 (Colo.App.1990). However, these cases involve challenges to a party's capacity to sue under C.R.C.P. 17, not challenges to the court's subject matter jurisdiction and, therefore, are distinguishable.

Defendants' reliance on *Defelice v. Johnson,* 931 P.2d 548 (Colo.App.1996), and *Jenkins v. Estate of Thomas,* 800 P.2d 1358 (Colo.App.1990), is also misplaced. These cases held there was no "jurisdiction to proceed" where the plaintiffs named a deceased defendant and there was no personal representative. As the case before us does not involve an estate of a deceased person, these cases are clearly inapplicable.

Accordingly, we conclude that the trial court erred in treating Ashton Properties' alleged lack of capacity to sue as a lack of subject matter jurisdiction and in dismissing plaintiffs' complaint pursuant to C.R.C.P. 12(b)(1).

In so concluding, we have considered *Black Canyon Citizens Coalition v. Board of County Comm'rs,* 80 P.3d 932 (Colo.App. 2003). Although the issue addressed by the division in *Black Canyon Citizens Coalition* was different than the issues before us, to the extent that opinion may be read to suggest a court lacks subject matter jurisdiction if the plaintiff lacks capacity to sue, we decline to follow it.

### C. Failure to State a Claim— C.R.C.P. 12(b)(5)

■ We also agree with plaintiffs' contention that the trial court erred in concluding that the complaint failed to state a claim under C.R.C.P. 12(b)(5).

The purpose of C.R.C.P. 12(b)(5) is to test the legal sufficiency of the complaint. In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), the court must accept as true all averments of material fact and must view the allegations of the complaint in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909, 911 (Colo.1996). The court may consider only matters stated in the complaint and must not go beyond the confines of the pleading. *Fluid Tech., Inc. v. CVJ Axles, Inc.,* 964 P.2d 614, 616 (Colo.App.1998); *see also Medina v. State,* 35 P.3d 443 (Colo.2001). We review a trial court's determination on a motion to dismiss de novo. *Fluid Tech., Inc. v. CVJ Axles, Inc., supra.*

Here, defendants' motion to dismiss under C.R.C.P. 12(b)(5) was based on the same arguments asserted in the C.R.C.P. 12(b)(1) motion, namely that Ashton Properties lacked capacity to sue.

A party wishing to raise the issue of lack of capacity to sue or be sued must do so by a specific negative averment or it is waived. *See Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968); *Snowmass Am. Corp. v. Schoenheit,* 524 P.2d 645 (Colo.App.1974)(not published pursuant to C.A.R. 35(f)). A specific negative averment is "an allegation of some substantive fact," as "opposed to the ... simple denial of an affirmative allegation." *Black's Law Dictionary* 1031 (6th ed.1990). An answer that does not "contain the specific negative averment together with supporting particulars" does not comply with C.R.C.P. 9(a)(1). *Tex–Am Carriers, Inc. v. A.S.T. Brokerage, Inc.,* 41 Colo.App. 438, 440, 586 P.2d 667, 669 (1978).

Likewise, a motion to dismiss for failure to state a claim on which relief can be granted does not raise the issue of capacity. *Tex–Am Carriers, supra.* In *Northwest Development, Inc. v. Dunn,* 29 Colo.App. 364, 368, 483 P.2d 1361, 1363 (1971), a division of this court held:

> [N]either the legal existence of a party, nor its capacity to sue can be challenged by motion to dismiss for failure to state a claim. Such issue can be raised only by specific negative averment, and the issue,

when so raised, becomes an issue to be settled on the trial of the matter.

*See* C.R.C.P. 9(a)(1).

We agree with the reasoning of *Northwest Development, supra,* and conclude that the legal existence of a party and its capacity to sue cannot be challenged by motion to dismiss.

In so holding, however, we are mindful that some jurisdictions, and the federal courts, allow a challenge to a party's capacity to sue to be made by motion to dismiss for failure to state a claim if the issue is framed on the face of the pleadings. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1294 (3d ed.2004).

Although the language of C.R.C.P. 9(a)(1) is similar to that of Fed.R.Civ.P. 9, the Colorado rule differs in one material respect pertinent here. C.R.C.P. 9(a)(1) requires a party relying on capacity to "establish same on the trial." Fed.R.Civ.P. 9 contains no such requirement. Further, unlike Colorado courts, the federal courts addressing the issue have "[paid] no attention to the directive in the second sentence in Rule 9(a) that a party who wishes to raise an issue of capacity 'shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.'" 5 Wright, *supra,* § 1360.

We therefore conclude a party's capacity to sue may not be raised by motion to dismiss. *Northwest Development, supra.*

Accordingly, we conclude the trial court erred in dismissing plaintiffs' complaint pursuant to C.R.C.P. 12(b)(1) and (5). We do not reach the issues of whether plaintiffs have the capacity to sue or whether defendants have properly raised the issue pursuant to C.R.C.P. 9(a)(1).

## II. Attorney Fees

Plaintiffs contend the trial court erred in awarding attorney fees and costs to defendants. Given our resolution of the issues presented on appeal, the trial court's ruling on attorney fees and costs cannot stand. *See In re Marriage of Paul,* 978 P.2d 136 (Colo. App.1998)(if underlying judgment is re-

versed, award of attorney fees must be likewise reversed).

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judge ROTHENBERG and Judge NIETO concur.