**HEMPHILL CONTRACTING COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 94–214 C.**

United States Court of Federal Claims.

Aug. 25, 1995.

Wayne C. Harvey, St. Louis, MO, for plaintiff.

Lance J. Lerman, Washington, DC, with whom were Anthony H. Anikeeff, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, and Frank W. Hunger, Assistant Attorney General, Civil Division, U.S. Department of Justice, for defendant.

William P. Levins, Assistant District Counsel, Department of the Army Corps of Engineers, of counsel.

## OPINION

SMITH, Chief Judge

Plaintiff, named on the pleadings as "Hemphill Contracting Company, Inc.,"

brings this appeal of a contracting officer's final decisions with respect to two contracts awarded by the United States Army Corps of Engineers. Plaintiff disputes the final decisions made by the contracting officer with respect to the two contracts, and prays for relief based upon unjust enrichment and damage to professional reputation. The government disputes plaintiff's standing in this court, claiming that Hemphill Contracting *Co.*, Inc., and not plaintiff, was party to the said contracts. This case is presently before the court on the government's motion to dismiss for lack of standing, and upon plaintiff's request to amend the named caption in the complaint from "Hemphill Contracting *Company*, Inc." to "Hemphill Contracting *Co.*, Inc."

## FACTS

Hemphill Contracting Co., Inc. ("Hemphill Co.") was awarded three contracts by the United States Army Corps of Engineers on July 24, 1986 (Contract No. DACW43–86–C–0058, Lock and Dam 26 Replacement, Spur Dike, Gravity Drains), January 12, 1988 (Contract No. DACW43–88–C–0017, Lock and Dam 26 Replacement, Clearing on the Missouri side), and June 28, 1988 (Contract No. DACW43–88–C–0050, Lock and Dam 26 Replacement, Spur Dike, Item IV). Disputes arose between the two contracting parties over the performance and pricing of the contracts.[1] Both parties' claims were submitted and decided by a contracting officer, Colonel James D. Craig, of the St. Louis district of the Corps.

With respect to the July 24, 1986 contract, Colonel Craig awarded the government $28,000 plus a penalty and interest for damages related to overpricing and use of equipment. With respect to the June 28, 1988 contract, Colonel Craig awarded the government $5,200 plus a penalty and interest for damages related to misquoted prices given by Hemphill Co.'s suppliers. Also with respect to the June 28, 1988 contract, Hemphill Co. sought additional costs of $147,009.32 for an-

---

1. Disputes arose as to all three of the contracts between the government and Hemphill Co. No action, however, has been taken in this court with respect to the January 12, 1988 contract; thus, only the July 24, 1986 and the June 28, 1988 contracts are discussed here.

other contractor's interference with the contract. Colonel Craig awarded Hemphill Co. $29,070.00 for this claim.

On April 13, 1992, Hemphill Co. was administratively dissolved because it did not pay the necessary franchise tax to retain its corporate certification. On April 4, 1994, plaintiff, calling itself "Hemphill Contracting *Company*, Inc.," [2] filed a complaint with this court appealing Colonel Craig's decisions with respect to the July 24, 1986 and June 28, 1988 contracts. [3] Plaintiff's claims satisfy this court's statute of limitations because they were filed on April 5 and 7, 1993, which is within one year of receiving official notice of Colonel Craig's final decisions. On April 18, 1994, a corporation calling itself "Hemphill Contracting *Company*, Inc." was incorporated in the State of Missouri.

In its complaint, plaintiff alleges that Colonel Craig's final decisions with respect to the July 24, 1986 and June 28, 1988 contracts have unjustly enriched the government and have caused damage to plaintiff's professional reputation. Plaintiff prays for relief in the form of (1) a declaration that its claims against the government are meritorious; (2) a bar of any further damage to its reputation; (3) a finding that it does not owe any further monies to the government; and (4) an award of $147,009.32 plus costs.

On September 21, 1994, the government filed a motion to dismiss, on the basis that the named plaintiff lacks standing to bring this suit. On March 3, 1995, plaintiff filed an answer to the government's motion to dismiss, requesting the court's permission to amend the caption in its complaint to read "Hemphill Contracting *Co.*, Inc." instead of "Hemphill Contracting *Company*, Inc."

For the reasons stated below, the government's motion to dismiss is denied, and plaintiff's request to amend the complaint is granted.

## DISCUSSION

### I. STANDING

#### A. Hemphill Co. Has Privity of Contract

■ The Tucker Act, 28 U.S.C. § 1491, states that:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claims against the United States founded ... upon any express or implied contract with the United States ...

A party thus has standing in the Court of Federal Claims with respect to a contract claim only if it is in privity of contract with the government. *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed.Cir. 1984). As this court stated in *California Sand and Gravel, Inc. v. United States*, 22 Cl.Ct. 19, 24 (1990), *aff'd without op.*, 937 F.2d 624 (Fed.Cir.1991), *cert. denied*, 502 U.S. 1057, 112 S.Ct. 934, 117 L.Ed.2d 105 (1992), "[a]bsent privity, a party lacks standing to sue; without standing, the court is without jurisdiction to resolve issues raised by that party."

In the instant case, this court has jurisdiction over whichever party contracted with the government on July 24, 1986 and June 28, 1988. Neither party disputes that Hemphill Co. was this contracting entity. Hemphill Co. therefore has standing to bring an action in this court, and this court has jurisdiction over Hemphill Co. and its contract claims against the government. The central issue, then, is whether plaintiff is Hemphill Co., or whether plaintiff is a separate and distinct entity. Only if plaintiff is considered the same entity as Hemphill Co. may it maintain its action here.

---

2. The labeling of the various parties involved in this dispute is extremely important here because the bulk of this opinion concerns the exact identity of plaintiff. The government contends that plaintiff is Hemphill Company, the corporate entity formed on April 18, 1994; plaintiff contends that it is in fact Hemphill Co., the entity which was awarded the government contracts on July 24, 1986 and June 28, 1988. Thus, for the sake of clarity, this opinion refers to "plaintiff" as the entity which filed the instant complaint. Any

reference in this opinion to "Hemphill Company" refers to the corporation formed on April 18, 1994. Any reference to "Hemphill Co." refers to the corporation which was awarded the two contracts.

3. Attached to plaintiff's complaint was Plaintiff's Exhibit One, entitled "Summary Sheet of Contracting Officer's Findings of Defective Pricing— Hemphill Contracting Co., Inc."

## B. Hemphill Co. is the "Real Party In Interest"

■ Rule 17(a) of the Rules of the Court of Federal Claims (RCFC) states:

Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The government contends that Hemphill Company is not the real party in interest in the instant action because, when the complaint was filed on April 4, 1994, Hemphill Company had not yet been incorporated under Missouri law. The government concludes that since Hemphill Company is not the real party in interest, the case must be dismissed as the real party did not file within the statutory time frame.

This court agrees with the government that Hemphill Company is not the real party in interest here. It is well established that the "existence of jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989), *reh'g denied,* 492 U.S. 932, 110 S.Ct. 12, 106 L.Ed.2d 627 (1989). When the present complaint was filed with this court, Hemphill Company did not yet exist; thus, as a nonexistent corporation, it could not be the real party in interest in this action. It also had no contractual relationship with the government.

The fact that Hemphill Company cannot sue, however, does not necessarily mean that *plaintiff* is not the real party in interest. The government ultimately begs the question when it equates Hemphill Company with plaintiff, and concludes that the latter is not the real party in interest in this action.

A real party in interest, within the context of RCFC 17(a), is the party that "possesses the substantive right under which suit is brought." *Wall Indus. v. United States,* 15 Cl.Ct. 796, 803 (1988), *aff'd without op.,* 883 F.2d 1027 (Fed.Cir.1989). The claims asserted in the instant complaint are real; it is clear that *some party* possesses the substantive right to sue here. It is equally clear that no other corporate entity, other than Hemphill Co., could possess this right: Hemphill Company did not exist on July 24, 1986 and June 28, 1988, the dates on which the government contracts were awarded.

■ Further, RCFC 17(b) states that "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized...." Missouri law therefore applies to this question because Hemphill Co. was a Missouri corporation at the time that the contracts were awarded on July 24, 1986 and June 28, 1988. Missouri law specifically protects the ability of a dissolved corporation such as Hemphill Co. to maintain an action:

1. A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs ...

2. *Dissolution of a corporation does not:*
   ....
   *(5) Prevent commencement of a proceeding by or against the corporation in its corporate name;*

   (6) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution ...

R.S.Mo. § 351.476 (emphasis added). Under Missouri law, Hemphill Co. clearly retains its ability to commence a proceeding despite its dissolution on April 13, 1992. Hemphill Co. is the real party in interest in this action.

## II. PLAINTIFF AND HEMPHILL CO. ARE ONE IN THE SAME

■ There is no evidence to support the government's assertion that a complaint filed in this court, which bears the name of a corporation with Mr. Hemphill's name attached to it, is being asserted by the incorrect entity. Plaintiff is the only party which is capable of representing the interests of

Hemphill Co., the real party in interest. As the government points out, "on at least three prior occasions since its incorporation in 1977, ... Hemphill Contracting Co., Inc. [was] administratively dissolved and thereafter *reinstated.*" Def.'s Reply at 4, n. 1 (emphasis added). This pattern of dissolution and reinstatement establishes that Mr. Hemphill, as the incorporator of Hemphill Co., has maintained the same corporation, comprised of the same individuals, with similar business interests, on and off for over a decade.

In addition, plaintiff attached to its complaint a supporting document entitled "Summary of Contracting Officer's Findings of Defective Pricing—Hemphill Contracting Co., Inc.," Plaintiff's Exhibit One. RCFC 10(c) states in relevant part that "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes unless otherwise indicated." Therefore, plaintiff actually referred to itself as Hemphill Co. on at least one occasion in its own original pleading. On other documents it apparently used the wrong, but very similar, name Company instead of Co.

A little common sense goes a long way to show that the complaint contains a mere misnomer, and that Hemphill Co. and the plaintiff are one and the same. The court finds it difficult to believe that plaintiff would intentionally misname itself on the complaint, knowing that Hemphill Company did not exist. Perhaps counsel for plaintiff made an inadvertent technical error. It is unlikely that plaintiff intentionally misnamed itself in the complaint because, as is evident from the instant motion to dismiss, the mistake could only hurt plaintiff.

■ Further, the disparity between the disputed corporation names is characterized more as a very thin crack crack than a chasm. In much of this Nation "Co." is a well-known abbreviation for "Company." There is a strong judicial policy toward merit-based decisions, and against throwing out claims because of a minor technicality. The difference between an abbreviation and a full word should not be sufficient to dismiss an action. Otherwise, we would create a system that would make the medieval writ system look highly functional and modern.

■ The government asserts that Mr. Hemphill is dissolving and reinstating his corporation in order to evade taxes:

> In the most recent administrative dissolution, Hemphill Contracting Co., Inc. was permitted to expire, along with its tax liability; and instead, a new entity with a deceptively similar name that was free of the tax liability was created.

Def.'s Reply at 4, n. 1. The government's contention is ridiculous. Franchise "taxes" are more appropriately understood as *fees* which must be paid in order to retain corporate certification. Failure to pay franchise taxes is not illegal or immoral; it simply amounts to administrative dissolution.

Given the specific wording of RCFC 17(a), this court will not dismiss the present action simply because of a misnomer on the complaint:

> *No action shall be dismissed* on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ... substitution of, the real party in interest; and such ... substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

RCFC 17(a) (emphasis added). Pursuant to RCFC 17(a), the proper remedy to the misnomer on the complaint is substitution of "Hemphill Contracting Co., Inc." for "Hemphill Contracting Company, Inc." Thus, the court must grant plaintiff's motion to amend the complaint.

## III. RELATION BACK FOR STATUTE OF LIMITATIONS

The government characterizes the substitution of "Co." for "Company" as an amendment which does not qualify for relation back under RCFC 15(c), such that the action must be dismissed for failure to file within the applicable one year statute of limitations. *See* Contract Disputes Act of 1978, publ. no. 95–563, 92 Stat. 23827 (1978) (codified at 41 U.S.C. §§ 601–613(a)(3) (1988)). RCFC 15(c) states that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

This court rejects the government's contention on two separate grounds. First, and most importantly, the instant complaint was timely filed on April 4, 1994, less than one year after Hemphill Co. received notice of Colonel Craig's adverse decisions respecting the two contracts. Further, this court has determined that plaintiff, Hemphill Co., filed the instant complaint. Plaintiff thus has a timely action, and the government's contention is without merit. No discussion of amendments or relation back is necessary to the viability of plaintiff's instant action.

■ Second, in the alternative, the amendment easily qualifies for relation back under RCFC 15(c). As the Supreme Court observed in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150 n. 3, 104 S.Ct. 1723, 1725 n. 3, 80 L.Ed.2d 196 (1984) (per curiam), *reh'g. denied* 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984), discussing the analogous Federal Rule of Civil Procedure 15(c):

> The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.

RCFC 15(c)'s requirement that an amendment arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" assures that this notice requirement is satisfied. Thus, as the Court of Claims observed in *Snoqualmie Tribe of Indians v. United States,* 372 F.2d 951, 961, 178 Ct.Cl. 570, 588 (1967), the "general rule ... is that the rule of relation back does not extend to amendments that add new parties or causes of action."

The instant case presents precisely the situation which RCFC 15(c) is intended to address. Plaintiff is not seeking to add new parties or to assert new causes of action; it merely requests a formal amendment to change the misnamed caption on the complaint. This court has no difficulty finding that an amendment of the complaint's caption from "Hemphill Company" to "Hemphill Co." would arise out of "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," as required by RCFC 15(c).

Further, the government had notice of the contract claims asserted against it beginning on April 4, 1994, the day that the complaint was originally filed. Given the minor nature of the defect in the caption, the complaint was sufficient notice to the government of the common sense conclusion that Hemphill Co. was actually asserting the claim. In addition, the government was aware that its contracts with Hemphill Co. were disputed, and it should have been aware of the possibility that it could be sued over any of them. Therefore, the government will not be harmed in the least by an amendment of the misnomer in the complaint.

In conclusion, an amendment of the original pleading will not affect the government's case, but it will allow the parties and this court to finally get to the merits of this case. That a complaint was filed with the full word "Company" instead of the abbreviation "Co." is simply insufficient reason to dismiss an otherwise legally sufficient complaint. The court finds that, notwithstanding a minor change in plaintiff's name on the original complaint, plaintiff's action was timely filed. The government's motion to dismiss is DENIED and plaintiff's motion to amend the named caption in the complaint from "Hemphill Contracting Company, Inc." to "Hemphill Contracting Co., Inc." is GRANTED.

**IT IS SO ORDERED.**