AUTOMATED INFORMATION
PROCESSING, INC.,
Plaintiff,

v.

The GENESYS SOLUTIONS GROUP,
INC., Defendants.

No. 94 CV 3021 (FB).

United States District Court,
E.D. New York.

Nov. 27, 1995.

Gerald V. Dandeneau, Melville, NY, for Plaintiff.

Gerald S. Doyle, Jr., Springfield, NJ, for Defendants.

## ORDER

BLOCK, District Judge:

On October 6, 1995, Magistrate Judge Pohorelsky issued a Report and Recommenda-

tion on two motions referred to him by the undersigned: (1) A motion by plaintiff Automated Information Processing, Inc. ("Automated") to amend the complaint to substitute parties and to add claims and defendants; and (2) a cross-motion by defendant The Genesys Solutions Group, Inc. ("Genesys") to dismiss the complaint and for sanctions. Magistrate Judge Pohorelsky recommended that plaintiff's motions be denied, defendant's cross-motion to dismiss the complaint be granted, and defendant's cross-motion for sanctions be denied.

Magistrate Judge Pohorelsky ordered that any objections to the Report and Recommendation be filed on or before October 16, 1995. To date, no party has filed any such objections. *See* 28 U.S.C. § 636 (requiring filing of objections within ten days of service); Fed.R.Civ.Pro. 72 (same). The Court has reviewed the Report and Recommendation and finds it legally correct and proper. The Court therefore affirms and adopts the Report and Recommendation in its entirety. Accordingly, plaintiff's motion to amend the complaint is **DENIED,** defendant's motion to dismiss the complaint is **GRANTED,** and defendant's motion for sanctions is **DENIED.**

**SO ORDERED.**

### REPORT AND RECOMMENDATION

POHORELSKY, United States Magistrate Judge:

The plaintiff has moved to substitute parties and to amend the complaint to add claims and defendants. The defendant has cross-moved to dismiss the complaint and for sanctions.[1] For the reasons set forth below the undersigned reports and recommends that (i) the plaintiff's motions be DENIED, (ii) the cross-motion to dismiss the complaint be GRANTED, and (iii) the cross-motion for sanctions be DENIED.

### BACKGROUND

This is an action involving claims and counterclaims for, among other things, copyright infringement, breach of contract and unfair competition. The claims all relate to comput-

er products developed and marketed by the parties, and have their genesis in a joint venture formed in 1992 between the purported plaintiff and defendant. That joint venture had been formed for the purpose of fulfilling a contract to install software and hardware for a computer system at Midlantic Bank.

After the action had been filed and depositions scheduled, a dispute arose between the parties concerning the plaintiff's desire to have Ms. Rosemary Verrecchio attend all depositions as the plaintiff's representative. The plaintiff contended, among other things, that Ms. Verrecchio was authorized under Rule 615 of the Federal Rules of Evidence to attend the depositions because she was an officer of the plaintiff. At a hearing on the issue, Ms. Verrecchio testified that she was indeed an officer of the purported plaintiff. As a result of her testimony counsel for the defendant made inquiries to determine Ms. Verrecchio's precise relationship to the plaintiff, if any.

He discovered more than he expected. Records of the State of New Jersey revealed that, contrary to the allegations of the complaint, the plaintiff had never been incorporated under the name "Automated Information Processing, Inc." in that state. Rather, a corporation known as A.I.P., Inc. had been incorporated in the early 1980's by Joseph Stadler, the purported President of the purported plaintiff, but had been dissolved in 1986 by the State of New Jersey for failure to pay franchise taxes. The defendant's counsel promptly informed the plaintiff's counsel and the Court of his discoveries, and moved for dismissal of the plaintiff's claims, for sanctions and for other relief.

Mr. Stadler sought to untangle the mess by incorporating a new entity, Internodal International, Inc. ("Internodal"), and executing an assignment, to Internodal, of his rights and whatever rights the purported plaintiff might have had. He then sought, through counsel, to amend the original complaint in this action to substitute himself and Internodal as plaintiffs, and to add additional claims and defendants. The defendant of

---

1. Because the defendant's cross-motion is related to the plaintiff's motions, the cross-motion has

been referred to the undersigned for a report and recommendation.

course opposed that motion, and the entire matter is now before the undersigned.

## DISCUSSION

1. ***Plaintiff's motion to amend and defendant's cross-motion to dismiss.*** On the motion to substitute plaintiffs and to amend the complaint, plaintiff argues that Rule 25 of the Federal Rules of Civil Procedure authorizes the substitution of the new plaintiffs as the proper parties in interest, and that Rule 15 of those rules provides that leave to amend pleadings should be liberally granted. Although the latter proposition is correct, the former is not.

Rule 25 sets out four specific situations in which substitution is permitted, none of which exists here. Mr. Stadler has attempted to wriggle his way under the provisions of Rule 25(c) by "transferring" the plaintiff's interest to a new company. Rule 25(c) provides that when there is a transfer of interest after litigation has commenced the action may be continued by the original party, or the court can order that the transferee be either joined or substituted for the original party. The subsection contemplates, however, that there actually be an original party and that the original party have an interest to transfer. *See* 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1951 at 522 (2d ed. 1986) ("The rule presupposes that substitution is for someone who was a party to a pending action."). That is not the situation here. Here, there simply was no original party because it did not exist at the time the action was instituted. Nor did the named plaintiff exist at any time when the copyrights or contractual rights arose under which it asserted its claims for relief, and thus never had any interest to transfer. Accordingly, substitution is not permissible under Rule 25(c).[2]

Nor do Rules 15 or 17(a) provide an appropriate basis for the maneuver that is proposed by the "new" plaintiffs here. Rule 15 provides that leave to amend should be freely given "when justice so requires." Similarly, although the last sentence of Rule 17(a) seems to suggest it is applicable in every case in which the wrong plaintiff has been named, the history of that section reveals that it too should be applied only to cases "in which substitution of the real party in interest is necessary to avoid injustice." 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1555 at 415 (2d ed. 1990); *see* Fed.R.Civ.P. 17 advisory committee's notes on 1966 Amendment; *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir.1989).

Nothing about the situation here suggests that justice requires the relief the "new" plaintiffs seek. The information concerning A.I.P., Inc.'s non-existence was certainly within Mr. Stadler's responsibility and ability to ascertain. The very first paragraph of the original complaint affirmatively states that "Automated Information Processing Inc. is a corporation duly organized and existing under the laws of the State of New Jersey," and it is of course a party's obligation to conduct reasonable inquiry concerning the truth of the allegations made in its pleadings. *See* Fed.R.Civ.P. 11. His affidavit provides only a brief and unconvincing explanation for his claimed unawareness of the failure by the corporation to pay its taxes and the resulting lapse of its existence years before the matters in dispute occurred. There is no affidavit from an accountant, an attorney, or anyone else to establish that notwithstanding the corporation's failure to pay its franchise taxes for the last eleven years, it had otherwise satisfied its tax obligations and taken all other steps to maintain its existence in accordance with the requirements of law. In the circumstances, justice would not be served if the plaintiffs were rewarded for their failures, oversights and misrepresentations by permitting an amendment of their pleadings

2. The "plaintiff's" corporation by estoppel argument is without merit. To assert that principle, "there must be ignorance of the truth and absence of equal means of knowledge of it, by the party who claims the benefit of the estoppel." 8 W. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 3905 at 219 (Perm.Rev. Ed.1992). The "plaintiff" has not adequately proved either of those prerequisites. Moreover, as an equitable principle, it is only to be applied when there are equitable grounds to do so. *Id.*, § 3897.

**4**

where it is otherwise unwarranted by the rules.

For the foregoing reasons, the plaintiff's motion to amend should be denied, and the present complaint filed by a non-existent party should be dismissed without leave to amend. If the proposed "new" plaintiffs believe they have rights to assert, they should institute a new action in their own names.

■ **2. *The defendant's motion for sanctions.*** As to the motion for sanctions, defendant has not identified any rule under which sanctions are authorized. The procedural prerequisites for making such a motion under Rule 11 do not exist since it is clear that upon notice of the offending pleading, the plaintiff undertook steps to correct the matter. *See* Rule 11(c)(1)(A). Moreover, the motion was not made separately from other motions. *Id.* Nor does there appear to be a basis in Rule 37 for an award of sanctions in the circumstances presented here. Accordingly, the motion for sanctions should be denied.

\*    \*    \*    \*    \*    \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of the date of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298 (2d Cir.) *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Serv.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam).

SO ORDERED.

Dated: October 6, 1995