**HILGRAEVE CORPORATION, Plaintiff,**

v.

**SYMANTEC CORPORATION, Defendant.**

**No. CIV. 97–40370.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 15, 2003.

---

John E. Nemazi, Thomas A. Lewry, Ernie L. Brooks, Robert C.J. Tuttle, Brooks & Kushman, Southfield, MI, for Hilgraeve Corporation, plaintiff.

Dennis J. Levasseur, Detroit, MI, Martin C. Fliesler, Fliesler, Dubb, Burt Magen, Fleisler, Dubb, San Francisco, CA, for Symantec Corp, defendant.

### *OPINION AND ORDER*

GADOLA, District Judge.

Before the Court are the following motions: Plaintiff's motion to file an amended complaint [docket entry 304]; Defendant's motion to modify the cut-off date for filing dispositive motions [docket entry 311]; Defendant's motion to strike Plaintiff's reply brief [docket entry 324]; and Defendant's motion for leave to brief the issue of attorney's fees and costs [docket entry 325]. The Court elects to resolve these motions without a hearing. *See* LR 7.1(e)(3). For reasons set forth below, the Court shall grant Plaintiff's motion to amend the complaint and shall deny Defendant's motions.

## I. BACKGROUND

Plaintiff Hilgraeve Corporation, as the named assignee of U.S. Patent No. 5,319,776 (the " '776 patent"), filed the complaint in this patent infringement action on September 15, 1997. The Court has recently learned, however, that Plaintiff's correct legal name is actually "Hilgraeve, *Inc.*" and not "Hilgraeve *Corporation.*" Apparently, Hilgraeve, Inc. has never existed as Hilgraeve Corporation. According to Plaintiff's counsel, this error arose when the law firm that drafted the document assigning the '776 patent erroneously named "Hilgraeve *Corporation* " and not "Hilgraeve, *Inc.*" as the assignee. Counsel further states that this error was compounded when, based upon the assignment document, it named "Hilgraeve Corporation" as the plaintiff in this suit. Plaintiff filed a motion to amend the complaint to correct this error following a May 30, 2002 hearing before the Magistrate Judge at which Defendant apparently raised the discrepancy in Plaintiff's name.

In its motion to amend, Plaintiff sought to add two plaintiffs to this suit, "Hilgraeve, Inc." and "Hilgraeve Associates LLC." However, since Plaintiff filed its motion, Plaintiff's counsel has corrected the assignment document concerning the '776 patent with the United States Patent and Trademark Office. Thus, the named assignee of the '776 patent is now officially "Hilgraeve, Inc." Accordingly, Plaintiff has modified its proposed amendment and now seeks only to substitute "Hilgraeve, Inc." in place of "Hilgraeve Corporation" as plaintiff.

Based upon the discrepancy in Plaintiff's name, Defendant seeks leave to file a motion to dismiss. The basis of Defendant's motion to dismiss is that, because the named plain-

tiff in this suit, "Hilgraeve Corporation," does not legally exist, Plaintiff lacks standing under Article III of the Constitution, and this Court is without jurisdiction to hear this lawsuit. The Court begins its discussion with Plaintiff's motion to amend.

## II. PLAINTIFF'S MOTION TO AMEND

Plaintiff moves to amend the complaint under Rules 15 and 17(a) of the Federal Rules of Civil Procedure. Rule 17(a) provides, in relevant part:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Civ.P. 17(a). Rule 17(a) is thus implicated when a movant is attempting to substitute a plaintiff. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir.1997).

"Although the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party, there plainly should be no dismissal where 'substitution of the real party in interest is necessary to avoid injustice.'" *Id.* at 20 (citing and quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1555, at 415 (2d ed.1990)). Moreover, "[a] Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Id.*

Defendant's primary argument in opposition to Plaintiff's motion to amend is that, because the named plaintiff in this case, "Hilgraeve Corporation," legally does not exist and has never existed, Plaintiff lacks standing under Article III of the Constitution. Therefore, citing *Zurich Insurance Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir.2002), Defendant argues that the Court is without jurisdiction to entertain the present motion and must dismiss this case.

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue. Standing has both constitutional and prudential dimensions. The constitutional requirements for standing emanate from Art. III, § 2, of the U.S. Constitution, which grants federal courts jurisdiction over cases and controversies." *Id.* at 531 (internal quotation marks and citation omitted).

In *Zurich*, the Sixth Circuit affirmed the denial of Zurich Insurance Company's ("Zurich Switzerland") motion to substitute American Guaranty & Liability Insurance Company ("American Guaranty") as the real party in interest pursuant to Rule 17(a). *See id.* The case arose following American Guaranty's payment of property damage claims under an insurance policy. *See id.* at 530. Although American Guaranty, as subrogee, was entitled to bring the suit against the allegedly negligent parties, Zurich Switzerland, and not American Guaranty, was named as the plaintiff. *See id.* The district court denied Zurich Switzerland's motion to substitute American Guaranty as plaintiff, finding that the failure to name American Guaranty was not an understandable mistake. *See id.*

The Sixth Circuit affirmed the district court's decision on other grounds, concluding that, insofar as Zurich Switzerland had not suffered an injury in fact, "it had no standing to bring this action and no standing to make a motion to substitute the real party in interest." *Id.* at 531. The court further noted:

> An attorney made a mistake and filed the action in the name of Zurich Switzerland, when Zurich Switzerland had no claims whatsoever against the defendants, and no Article III standing to sue. American Guarantee, a totally separate entity, which was not vigilant in protecting its claims, cannot now benefit from Zurich Switzerland's mistake so as to take advantage of the suspension of the limitations period.

*Id.* at 532.

Thus, *Zurich* involved a movant's attempt to substitute a "totally separate entity" and

is distinguishable from the present situation. Defendant has adduced no evidence that the *entity* bringing this suit, whether it be named Hilgraeve *Inc.* or Hilgraeve *Corporation,* would change following the proposed amendment of the complaint. In this regard, "[a] little common sense goes a long way to show that the complaint contains a mere misnomer, and that [Hilgraeve *Inc.* and Hilgraeve *Corporation*] are one and the same." *Hemphill Contracting Company v. United States,* 34 Fed.Cl. 82, 86 (Fed.Cl.1995). Moreover, "[t]he claims asserted in the instant complaint are real; it is clear that *some party* possesses the substantive right to sue here. It is equally clear that no other corporate entity, other than [Hilgraeve *Inc.*], could possess this right." *Id.* at 85. Defendant cannot seriously dispute that Hilgraeve, *Inc.,* as the real party in interest, has standing to sue. Accordingly, Article III standing is not in issue in this case.

Defendant's remaining arguments in opposition to Plaintiff's motion to amend are without merit. Defendant has failed to demonstrate that it would be prejudiced by the substitution of Hilgraeve, Inc. for Hilgraeve Corporation. Defendant's allegations regarding discovery prejudice appear to have no relation whatsoever to the fact that Hilgraeve Corporation rather than Hilgraeve, Inc. was named as the plaintiff in this case. The Court also finds unpersuasive Defendant's reliance upon *Automated Information Processing, Inc. v. Genesys Solutions Group, Inc.,* 164 F.R.D. 1 (E.D.N.Y.1995). In that case, the purported corporate plaintiff had never existed and its apparent predecessor had been dissolved by the state for failure to pay franchise taxes. *See id.* at 2. When the defendant raised this issue, the individual who had been president of the dissolved corporation attempted to incorporate a new entity, assign the plaintiff's rights to that new entity, and amend the complaint to substitute the new entity as plaintiff. *See id.* The court denied the plaintiff's motion to amend under Rules 15 and 17(a), finding that justice did not require such relief where counsel had failed to discover the fact that the corporate plaintiff had been dissolved for failure to pay taxes. *See id.* at 3.

The present case presents a situation far different from that faced by the court in *Automated Information Processing.* Here, the substitution of Hilgraeve, Inc. for Hilgraeve Corporation would merely correct a technical error in the complaint. Moreover, the proposed amendment would result in no substantive change to the complaint. There is no evidence that the entity known as Hilgraeve, Inc. has not existed throughout this litigation. Counsel for Plaintiff merely misstated a portion of its client's name in the complaint, an error which was likely derived from the patent assignment document. While such technical errors are not to be encouraged, the dismissal of Plaintiff's suit on these grounds would constitute an injustice. As the court in *Hemphill* noted:

> There is a strong judicial policy toward merit-based decisions, and against throwing out claims because of a minor technicality. The difference between an abbreviation and a full word should not be sufficient to dismiss an action. Otherwise, we would create a system that would make the medieval writ system look highly functional and modern.

34 Fed.Cl. at 86.

Accordingly, the Court shall grant Plaintiff's motion to amend the complaint to substitute "Hilgraeve, Inc." for "Hilgraeve Corporation" pursuant to Rule 17(a). Further, such amendment shall relate back to the filing of the complaint. Fed.R.Civ.P. 17(a); *see Federal Practice and Procedure* § 1555.

For substantially the same reasons, the Court also finds that amendment of the complaint is appropriate under Rule 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *see Advanced Magnetics,* 106 F.3d at 19 (concluding that amendment under Rule 15 is appropriate where the movant is attempting to change plaintiffs). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should,

as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Defendant contends that amendment is futile because Plaintiff's complaint is subject to dismissal for lack of standing. *See Tidik v. Ritsema,* 938 F.Supp. 416, 426 (E.D.Mich. 1996) ("If a proposed amendment would not withstand a motion to dismiss, leave to amend should be denied."). The Court has discussed this argument in connection with Rule 17(a) and has found it unpersuasive. Therefore, the proposed amendment is not futile.

Defendant argues that Plaintiff has known of the error in the caption of its complaint since at least October, 2000 and thus has delayed unduly in moving to amend the complaint. This argument is also without merit. Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection* for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed. R.Civ.P. 17(a). Defendant apparently did not raise an objection to the discrepancy between Hilgraeve Corporation and Hilgraeve, Inc. until May 30, 2002, and Plaintiff filed its motion to amend shortly thereafter. Further, Defendant did not attempt to file its motion to dismiss for lack of standing until July 10, 2002. Again, while not condoning such errors, the Court finds at least plausible the suggestion that Plaintiff saw no need to amend this technical error in the complaint prior to Defendant's objection.

Moreover, Defendant has failed to demonstrate that any delay by Plaintiff in moving to amend has resulted in prejudice to Defendant. Similarly, Defendant has failed to demonstrate how the substitution of Hilgraeve, Inc. for Hilgraeve Corporation will prejudice Defendant. As discussed above, Defendant's arguments regarding discovery in this case appear to have no relation to the fact that Plaintiff was named as Hilgraeve Corporation.

Therefore, the Court shall grant Plaintiff leave to amend the complaint pursuant to Rule 15(a). Further, the Court finds that the amendment relates back to the filing of the complaint under Rule 15(c), which provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). Clearly, insofar as the proposed amendment merely corrects a misnomer, the claim asserted in the amended complaint will be identical to that asserted in the original complaint. Accordingly, relation back under Rule 15(c)(2) is appropriate.

Because the Court has found that amendment of the complaint is proper under Rules 17(a) and 15(a), the Court need not address Plaintiff's arguments pursuant to Rule 15(b).

## III. DEFENDANT'S MOTIONS

### A. MOTION TO MODIFY THE DISPOSITIVE MOTION CUT–OFF DATE

In its motion to modify the dispositive motion cut-off date, Defendant seeks leave to file a motion to dismiss for lack of standing under Article III. The Court discussed the issue of standing in relation to Plaintiff's motion to amend and found Defendant's arguments unpersuasive. Defendant's motion to dismiss is therefore also without merit. Accordingly, the Court shall deny Defendant's motion to modify the dispositive motion cut-off date as moot. Furthermore, insofar as Defendant's request for leave to file a motion to dismiss is denied, the Court shall strike from the record Defendant's motion to dismiss.

### B. MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF

Defendant also moves to strike Plaintiff's reply brief, which Plaintiff filed in support of its motion to amend the complaint. Defendant's motion to strike is without merit and shall be denied.

### C. DEFENDANT'S MOTION FOR LEAVE TO BRIEF THE ISSUE OF ATTORNEYS' FEES AND COSTS

Finally, Defendant filed a motion for leave to brief the issue of attorney's fees and costs

should the Court dismiss this case. This motion is now moot.

## IV. CONCLUSION

In closing, the Court observes that Defendant's final two motions—to strike a reply brief and for leave to brief the issue of fees—are representative of this litigation, which has been pending for over five years. Motions such as these operate only to delay the ultimate resolution of this matter on the merits. Although the Court has no basis on which to question Defendant's motives in filing these motions, the Court notes that it takes a dim view of litigation by attrition. The Court recognizes the duty of counsel on both sides of this matter to zealously represent their respective clients' interests, yet the Court also notes that the line between zealous representation and abusive practice is often a fine one. With that in mind, the Court encourages counsel for both parties to exercise discretion when filing motions.

**IT IS HEREBY ORDERED** that Plaintiff's motion to file an amended complaint [docket entry 304] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint consistent with this opinion within fourteen (14) days of the filing of this order.

**IT IS FURTHER ORDERED** that Defendant's motion to modify the cut-off date for filing dispositive motions [docket entry 311] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for lack of standing [docket entry 312], accepted for filing by the Clerk of the Court on July 10, 2002, shall be **STRICKEN** and deemed not a part of the record of this case.

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's reply brief [docket entry 324] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for leave to brief the issue of attorney's fees and costs [docket entry 325] is **DENIED AS MOOT.**

**SO ORDERED.**