**BLACK CANYON CITIZENS COALITION, INC., a Colorado nonprofit Corporation, Plaintiff–Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY, Defendant–Appellee.**

**No. 02CA1466.**

Colorado Court of Appeals, Div. III.

Oct. 9, 2003.

Golden, Mumby, Summers, Livingston & Kane, LLP, J. Richard Livingston, Patricia L. Cookson, Grand Junction, Colorado, for Plaintiff–Appellant.

James R. Fritze, County Attorney, Montrose, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Black Canyon Citizens Coalition, Inc. (the corporation), appeals the district court's order dismissing a C.R.C.P. 106(a)(4) complaint filed against the Board of County

Commissioners of Montrose County (the county). We affirm.

This is a case of first impression under C.R.C.P. 106(a)(4) with respect to the substitution of a plaintiff. It is also a case of first impression in Colorado on the effect of naming a nonexistent corporation as plaintiff.

According to the pleadings, an individual (the applicant) applied for a special use permit for a gravel mining operation on property adjacent to the Black Canyon National Park. In the fall of 2001, a group of landowners formed an unincorporated association, Black Canyon Citizens Coalition (the association), to oppose the application. The association appeared before the county planning commission and the county commissioners.

The county planning commission recommended that the application be denied, but the county commissioners ultimately approved the application on January 22, 2002.

On February 19, 2002, counsel filed articles of incorporation with the Colorado Secretary of State, which the Secretary of State rejected. The articles were refiled on February 22, 2002 and accepted.

Meanwhile, on February 20, 2002, the corporation filed a complaint pursuant to C.R.C.P. 106(a)(4) seeking judicial review of the county's decision. The jurisdictional time limit for commencing the action was thirty days from the date of the county's decision, here February 20, 2002. *See* C.R.C.P. 106(a)(4); *Baker v. City of Dacono*, 928 P.2d 826 (Colo.App.1996).

The county answered and then moved to dismiss on the grounds that the corporation lacked capacity and failed to join the applicant. The corporation moved to amend the complaint to name the association as plaintiff and to add the applicant as a defendant. The trial court dismissed the action based on the named corporation's lack of capacity, but indicated that it would allow amendment to add the applicant as a defendant.

■ The corporation now argues that although it was not incorporated when the complaint was filed, its members were organized as an unincorporated association, which had the power to participate in judicial pro-

ceedings. Accordingly, the corporation argues that it should be allowed to amend its complaint to substitute the unincorporated association as plaintiff. The county argues that because the named plaintiff did not exist, and therefore lacked capacity, when the complaint was filed, the action was not timely commenced. We agree with the county.

■ C.R.C.P. 106(b) expressly authorizes amendments "at any time with leave of the court, for good cause shown, to add, dismiss or substitute parties, and such amendment shall relate back to the date of filing of the original complaint." This provision was added to remedy an existing trap for a plaintiff who named the governmental entity as defendant instead of its governing body from which the appeal is taken, or who failed to name another indispensable party, typically the applicant, and then was barred by C.R.C.P. 106(a)(4). *See, e.g., Tri–State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982)(city council); *Thorne v. Bd. of County Comm'rs*, 638 P.2d 69 (Colo.1981)(applicant); *Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978)(applicant). However, the language of C.R.C.P. 106(a)(4) is not limited to the joinder of defendants.

In *Bowers Building Co. v. Altura Glass Co.*, 694 P.2d 876 (Colo.App.1984), a division of this court held that under the business corporation code, specifically § 7–102–103, C.R.S.2002 (formerly § 7–2–104), corporate powers are not conferred until an entity is incorporated, which does not occur in Colorado until articles of incorporation are filed with the Secretary of State. In addition, the division concluded that Colorado no longer recognizes de facto corporations or corporations by estoppel, and thus, no corporate action may be taken by the entity before it is incorporated.

We conclude that *Bowers Building* should also apply to nonprofit corporations. Section 7–122–103, C.R.S.2002, which is substantially identical to § 7–102–103, deals with nonprofit corporations and provides: "A nonprofit corporation is incorporated when the articles of incorporation are filed by the secretary of state.... The corporate existence begins upon incorporation." Therefore, the corpora-

tion had no corporate existence when this action was filed in its name.

For guidance as to the effect of naming a nonexistent corporation as plaintiff, we look to the jurisprudence developed under Fed. R.Civ.P. 25, which is identical to C.R.C.P. 25 in every material respect.

Both the state and federal rules permit the substitution of parties upon death, incompetency, or transfer of interest or upon vacancy in, and succession to, a public office. However, the rules apply to the death, incompetency, or succession occurring after the action has been properly commenced. 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.20(3) (3d ed.2003).

The federal court opinions limiting the application of the rule frequently state that the filing of a complaint in the name of a deceased or incompetent person is a nullity. *Automated Info. Processing, Inc. v. Genesys Solutions Group, Inc.,* 164 F.R.D. 1 (E.D.N.Y.1995)(defunct corporation); *Banakus v. United Aircraft Corp.,* 290 F.Supp. 259 (S.D.N.Y.1968)(named plaintiff died thirty-five minutes before action commenced); *Schwartz v. Metro. Life Ins. Co.,* 2 F.R.D. 167 (D.Mass.1941)(guardian not permitted to substitute for ward who was incompetent when action was commenced by ward); 6 Moore, *supra,* § 25.20; Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1951 (2d ed.2003).

In *Automated Information Processing, supra,* an action was commenced in the name of Automated Information Processing, Inc. Defense counsel discovered that no such corporation existed. There had been a corporation named A.I.P., Inc., but it had been involuntarily dissolved for failure to pay franchise taxes. The principal later formed a new corporation, assigned all of his and the defunct corporation's rights to the new corporation, and filed an amended complaint to substitute himself and the new corporation as plaintiffs and assert additional claims. The court rejected the amendment, stating:

> Rule 25 sets out four specific situations in which substitution is permitted, none of which exists here. [Principal] has attempted to wriggle his way under the provisions of Rule 25(c) by "transferring" the

plaintiff's interest to a new company.... The subsection contemplates, however, that there actually be an original party and that the original party have an interest to transfer. *See* 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1951 at 522 (2d ed. 1986) ("The rule presupposes that substitution is for someone who was a party to a pending action."). That is not the situation here. Here, there simply was no original party because it did not exist at the time the action was instituted. Nor did the named plaintiff [old corporation] exist at any time when the copyrights or contractual rights arose under which it asserted its claims for relief, and thus never had any interest to transfer. Accordingly, substitution is not permissible under Rule 25(c).

*Automated Info. Processing, Inc. v. Genesys Solutions Group, Inc., supra,* 164 F.R.D. at 3.

We recognize that C.R.C.P. 25 and its federal counterpart address the loss of capacity after the action is commenced, and that C.R.C.P. 106 does not include that limitation. However, the holding of federal cases applying Fed.R.Civ.P. 25 which address the filing of a complaint by a non-existent plaintiff are not sensitive to that distinction.

The corporation relies on C.R.C.P. 17, which requires that actions be commenced in the name of a real party in interest with capacity. Nonprofit corporations and unincorporated corporations have the capacity to sue in their own name. Section 7–123–102(1)(a), C.R.S.2002 (nonprofit corporations); C.R.C.P. 17(b)(unincorporated associations). However, the courts have construed and applied C.R.C.P. 17 to the substitution as plaintiff of a person or entity with capacity or the requisite interest for a person or entity without capacity, interest, or both. The cases do not deal with an initial plaintiff who did not exist when the action was commenced.

The issue here is not the effect of a lack of capacity or interest, but whether a nonexistent person or entity can have either the requisite capacity or interest to bring an action. The courts applying C.R.C.P. 17

have not addressed this question. However, to ask is to answer. We find no compelling reason to reach a result contrary to that reached under Fed.R.Civ.P. 25.

We are persuaded by the combination of § 7-122-103, *Bowers Building,* and the jurisprudence applying Fed.R.Civ.P. 25, that an action filed by a nonexistent person or entity is a nullity. Thus, here, no action was commenced on February 20, 2002. The complaint was void ab initio, jurisdiction over the dispute was never conferred on the court, and the attempt to cure the defect after the expiration of the thirty-day period specified in C.R.C.P. 106(a)(4) failed as a matter of law.

Accordingly, the order of the trial court is affirmed.

Judge MARQUEZ and Judge DAILEY concur.