STATIC CONTROL COMPONENTS, INC., Plaintiff/Counterclaim Defendant,

v.

LEXMARK INTERNATIONAL, INC., Defendant/Counterclaim Plaintiff,

v.

Ner Data Products, Inc., et al., Counterclaim Defendants.

No. 5:02–571, 5:04–84.

United States District Court, E.D. Kentucky, Central Division.

May 4, 2007.

Mark T. Banner, Timothy C. Meece, Binal J. Patel, Matthew P. Becker, Jason S. Shull, Michael L. Krashin, all of Banner & Witcoff, Ltd., Chicago, IL, Steven B. Loy, Hanly A. Ingram, of Stoll Keenon Ogden PLLC, Lexington, KY, Andy Copenhaver, Hada Haulsee of Womble Carlyle Sandridge, Winston Salemm NC, for Defendant/Counterclaim Plaintiff Lexmark International, Inc.

## ORDER

VAN TATENHOVE, District Judge.

SCC's Motions for Partial Summary Judgement of No Direct Infringement by Anonymous Remanufacturers [R. 515] and No Direct Infringement by Any Non–Party [R. 528] are before the Court for consideration. The Motions will be denied.

## I.

## BACKGROUND

The facts of this case are more fully set forth in this Court's Order dated April 24, 2007 at Record No. 1008 and need not be reproduced in whole here. For purposes of the current Motion, Lexmark is a large producer of printers and toner cartridges for its printers. SCC is "a leading supplier to toner cartridge remanufacturers." [Case No. 5:02–571, R. 172 at 16]. The remanufacturers, which include the other Counterclaim Defendants in this case, take used toner cartridges, repair them, refill the toner, et cetera and resell the cartridges to end-user consumers. SCC sells to the remanufacturers parts and supplies for reworking the used toner cartridges, such as replacement parts, toner, and microchips. [R. 1].

Lexmark accuses SCC of actively inducing remanufacturers to infringe Lexmark's patents on various brands of its toner cartridges. [R. 67 at ¶ 89]. In order for Lexmark to recover against SCC for active inducement, Lexmark must prove, *inter alia*, underlying direct acts of patent infringement. *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed.Cir. 2005) (citation omitted). SCC currently argues at Record No. 515 that Lexmark lacks the evidence necessary to sustain a finding of direct patent infringement on the part of "anonymous remanufacturers," on which Lexmark conducted no direct, remanufacturer-specific discovery. At

Record No. 528, with respect to "Non-Parties," Lexmark did conduct .discovery on eight specific remanufacturers who are not parties to this suit. SCC argues that discovery gathered from these parties failed to produce for Lexmark evidence necessary for a finding that these remanufacturers directly infringe on Lexmark's patents. Given SCC's misapplication of the law as set forth below, the Court is unpersuaded.

## II.

## DISCUSSION

Fed.R.Civ.P. 56(c) provides that judgment for the moving party is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Browning v. Dep't of Army*, 436 F.3d 692, 695 (6th Cir.2006). While all inferences are drawn in favor of the non-moving party, that party still must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (non-movant must "do more than simply show there is some metaphysical doubt as to the material facts") (citations omitted); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Stated alternatively, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The foregoing standards for summary judgment review apply to patent cases as well. *See, e.g., Avia Group Int'l,*

*Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1560–61 (Fed.Cir.1988).

▇▇▇ SCC relies on the Federal Circuit case of *Dynacore Holdings Corp. v. U.S. Phillips Corp.* for the proposition that the patent owner must "point to a specific instance of direct infringement and restrict its suit to liability stemming from the specific instance." 363 F.3d 1263, 1276 (Fed. Cir.2004); [R. 515 at 3]. However, Lexmark correctly points out that this burden may be satisfied through circumstantial evidence. *Dynacore* ultimately supports Lexmark's position: "Plaintiffs who identify an entire category of infringers (e.g., the defendant's customers) may cast their theories of vicarious liability more broadly, and may consequently seek damages or injunctions across the entire category." *Id.* at 1274 (citing *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343 (Fed.Cir.2003)). Case after case supports Lexmark's position that it has no duty to depose or investigate every alleged direct infringer, or even a significant percentage of them, to sustain its burden of proving direct infringement. *See, e.g., Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1364–65 (Fed.Cir.2004) ("To support the verdict, the record does not need to contain direct evidence that every physician performed the 'correlating' [directly infringing] step."); *Diomed, Inc. v. AngioDynamics, Inc.*, 450 F.Supp.2d 130, 151 (D.Mass.2006) ("Plaintiff's failure to connect its monetary damages to particular acts of infringement does not negate a damages claim under the theory that defendants' customers as a class infringe.") (citing *Dynacore*, 363 F.3d at 1274); *Hilgraeve, Inc. v. Symantec Corp.*, 272 F.Supp.2d 613, 621 (E.D.Mich.2003). The Court ultimately finds that a material issue of fact exists regarding whether the cartridge remanufacturers infringe as a class. SCC is free of course to argue *to the jury*

that Lexmark has failed to meet its burden, but a reasonable juror could decide otherwise. Lexmark has in fact shown more than " a theoretical possibility or 'metaphysical doubt,' " that remanufacturers directly infringe, and that evidence begins with the extensive discovery conducted with respect to the current Counterclaim Defendant remanufacturers in this case. *Cf. Jansen v. Rexall Sundown, Inc.,* 342 F.3d 1329, 1334 (Fed.Cir.2003) (citing *Anderson,* 477 U.S. at 261, 106 S.Ct. 2505).

The resources spent to get this case to trial in its current form are undoubtedly immense. If the Court were to adopt SCC's position—that discovery must be had on direct infringement with all of the alleged infringers (or even a sizable percentage of them)—it would basically vitiate the cause of action of active inducement whenever there is a large number of alleged direct infringers, like here, and insulate the active inducer because of the prohibitive cost and meager return of pursuing the claim in a meaningful way.

## III.

### CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** as follows:

(1) SCC's Motion for Partial Summary Judgment of No Direct Patent Infringement by Any Non–Party [R. 528] is **DENIED**; and

(2) SCC's Motion for Partial Summary Judgment of No Direct Infringement by Anonymous Remanufacturers [R. 515] is **DENIED**.